In the Matter of Arthur Seymour
KANFER, Bankrupt.

**Alvin Lee COUCH, Plaintiff,**

v.

**Arthur Seymour KANFER, Defendant.**

**Bankruptcy No. B79–793A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Oct. 10, 1979.

William E. Cetti, Cartersville, Ga., for plaintiff.

Jeffrey W. Morris, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for defendant.

## ORDER OF COURT

W. H. DRAKE, Jr., Bankruptcy Judge.

The above-styled action is presently before this Court for consideration of the defendant's Motion to Dismiss the plaintiff's Complaint "on the grounds that no lawful service of process had been made on defendant." After careful consideration of the record, this Court makes the following rulings.

## FINDINGS OF FACT

1.

On June 15, 1979 plaintiff filed his "Complaint to Determine Dischargeability." There is no question that said Complaint was timely filed inasmuch as "the Court had specially extended the time within which the plaintiff could file his complaint up to and including June 15, 1979." (See Plaintiff's Brief in Support of Motion to Dismiss, filed July 12, 1979, p. 1.)

2.

On June 20, 1979, the first Summons was issued by the Bankruptcy Judge.

3.

On June 21, 1979, service of process was attempted by serving said Summons and Complaint on Carolyn McGee, a housekeeper who was present at the residence of the defendant, but was not one who resided at that address. Such attempted service was undoubtedly invalid in that Carolyn McGee was not a "person of suitable age and discretion then *residing* therein" (emphasis added) (See Federal Rule of Civil Procedure 4(d)).

4.

On July 12, 1979, defendant filed his Motion to Dismiss on the ground that said service of process was not lawful.

**5.**

On July 19, 1979, the Summons and Notice of Pre-trial Conference was reissued by the Bankruptcy Judge.

**6.**

The reissued Summons and Complaint were sent by the plaintiff to the Office of Clerk with the following correspondence: "Please have the enclosed summons issued and have the Marshall serve same personally on Mr. Arthur Seymour Kanfer within three (3) days of the date of issuance pursuant to Bankruptcy Rule No. 704. The previous service on Mr. Kanfer's maid by the Marshall's office was completely illegal and void. I am enclosing a check herewith for the Marshall's previous statement. If there is any additional costs for service, please ask the Marshall to bill me."

**7.**

The Marshal's Return of Service was signed and stated "return unexecuted, unable to serve before due date." On said return of service there are several notions indicating no answer to phone calls and no one at home at several different times. On August 14, 1979, the Summons and Notice of Pre-trial Conference was again reissued by the Bankruptcy Judge.

**8.**

Said Summons and Complaint were served on the defendant pursuant to Rule 704(c) by mailing the same on August 15, 1979.

### CONCLUSIONS OF LAW

■ Having studied the briefs and memoranda filed by the parties and having examined the authorities cited therein, this Court rules that the Summons which was reissued on August 14, 1979 and which was served by mail (under Rule 704(c)) on August 15, 1979 was timely served under the provisions of Rule 704(e). Said Rule requires that service be made within ten (10) days after the issuance of the Summons. However, the Rule goes on to state that "if a summons is not timely served in accord-

ance with the foregoing provisions, another summons shall be issued and served and a new date set for trial." Therefore, this Court finds nothing improper regarding the reissuance of the original Summons and service of the same within ten (10) days thereafter.

The Court has studied the case of *Bartow County Bank v. Wehunt*, 400 F.Supp. 11 (N.D.Ga.1977), and finds said case to be inapplicable to the facts in the instant suit. More specifically, in the *Wehunt* case, service was not made within the ten-day period stipulated in Rule 704(e), but was made twelve (12) days after the issuance of the summons. Such is not the case in the instant lawsuit as the reissued summons of August 14, 1979 was served by mail on August 15, 1979, easily within the ten-day period.

Thus having found that the Summons and Complaint in question were timely served under Rule 704(e), the only question still pending before the Court is whether or not the completion of that act, having taken place subsequent to June 15 (the final date set for filing complaints concerning dischargeability of debts), invalidated the timeliness of the filing of plaintiff's Complaint on June 15, 1979.

■ It is the ruling of this Court that the failure of the plaintiff to serve the Summons and Complaint on the defendant before August 15, 1979 was the result of excusable neglect, and did not destroy the timeliness of plaintiff's Complaint filed on June 15, 1979, inasmuch as Rule 906(b)(2) permits the Bankruptcy Judge in his discretion to permit the act to be done upon application made after the expiration of the specified period if the failure to act was the result of excusable neglect.

While it is the Court's opinion that Rule 906(b)(2) alone justifies sustaining the timeliness of plaintiff's Complaint, the Court also accepts by analogy the principles cited in the cases of *H. Alpers & Associates v. Omega Precision Hand Tools, Inc.*, 62 F.R.D. 408 (E.D.Pa.1974) and *Moore Company of Sikeston, Missouri v. Sid Richardson*

*Carbon & Gasoline Company*, 347 F.2d 921 (8th Cir. 1965). These cases discuss the effect of the filing of a complaint in a civil action upon the running or tolling of the statute of limitations. The *Alpers* Court stated on page 411:

> "The rules do not specify a time period within which process must be served after a complaint is filed. In the absence of a fixed standard, courts have undertaken to inquire on an *ad hoc* basis whether the plaintiff has 'exercised due diligence to perfect service after the filing of the complaint,' . . . and whether, if there has been delay in effecting service, the delay has 'substantially prejudiced the defendant.'"

That Court went on to state that in cases in which complaints have been dismissed for delay, the delay was generally much greater (such as six (6) years, nine (9) years, twenty-eight (28) months) than the delay of two and one-half (2½) months in the *Alpers* case.

Similarly, the Court in *Moore Company of Sikeston, Missouri v. Sid Richardson Carbon & Gasoline Company* stated:

> "We hold that in a case such as this, based upon federal law and controlled by federal statute of limitation, that the commencement of the action in and of itself is sufficient to toll the statute."

The *Moore* Court also cites other lines of cases which indicate that "reasonable diligence in obtaining service of process" would be necessary to toll the statute of limitations or that the statute of limitations would be tolled by "the filing of the complaint when followed by the lodging of the writ with the marshal."

Under any of the above-mentioned tests, it is the finding of this Court that the actions taken by the plaintiff in attempting to perfect service of process on the defendant on at least three (3) separate occasions satisfied "due diligence", excusable neglect, or any other similar prerequisite in addition to filing the original Complaint by the date set by the Bankruptcy Judge as the final date on which to object to dischargeability of debts.

Wherefore, it is hereby ADJUDGED that the filing of plaintiff's Complaint concerning dischargeability on June 15, 1979 was timely, that plaintiff's failure to serve defendant with the Summons and Complaint until August 15, 1979 was a result of excusable neglect, and that service of the same by mail under Rule 704(c) was well within the ten-day requirement of service after issuance. Wherefore, it is hereby ORDERED that defendant's Motion to Dismiss the plaintiff's Complaint for unlawful service of process be DENIED.

IT IS SO ORDERED.