In the Matter of William D. ANDERSON aka William Duane Anderson dba W. D. Anderson Construction Co. dba the Wiland Co., Debtor.

Bankruptcy No. 679–01245.

United States Bankruptcy Court, N. D. Ohio.

May 9, 1980.

See also Bkrtcy., 5 B.R. 43 and Bkrtcy., 5 B.R. 47.

David Hunter, Brouse and McDowell, Akron, Ohio, for debtor.

Timothy Killian, Akron, Ohio, for plaintiff.

MEMORANDUM OPINION AND ORDER

JAMES H. WILLIAMS, Bankruptcy Judge.

The debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code on October 2, 1979. Movants, Shirley Wilson and The Wiland Company, were listed on Schedule A–3 "Creditors Having Unsecured Claims Without Priority," annexed to debtor's petition. The clerk of this court, on October 10, 1979, notified all creditors and other parties in interest that October 30, 1979 was established as the date for the meeting of creditors to be held pursuant to 11 U.S.C. § 341 and further, that January 28, 1980 was the last date for filing objections to discharge and for filing complaints to determine dischargeability. Also on October 10, 1979, the clerk served notice on all creditors and other parties in interest that a discharge hearing, pursuant to 11 U.S.C. § 524(d), would be held on January 31, 1980.

The discharge hearing was duly convened on January 31, 1980, a discharge was entered and all parties in interest, as required under the Bankruptcy Code and Rules of Bankruptcy Procedure, were notified of such entry. The court is now presented with a "Motion to Vacate and for Leave to File Instanter" by which movants seek permission to file an adversary proceeding attacking the dischargeability of the obligation owing by the debtor to the movants and seeking a judgment for the sum allegedly due them.

The court finds that counsel for the movants attended the meeting of creditors held pursuant to 11 U.S.C. § 341 on October 30, 1979, but that it was not until February 4, 1980, four days after the debtor's discharge hearing and the entry of a discharge, that the within motion was presented. A hearing on the motion was held on February 19, 1980 at which counsel were present and argued their respective positions. Additionally, counsel have filed their memoranda in support of their respective positions.

The court is of the opinion that many of its observations made in connection with

companion cases which have arisen out of this bankruptcy proceeding, being *Guistino v. Anderson,* 5 B.R. 43, Adversary No. 680–0004 and *Fuerst v. Anderson,* 5 B.R. 47, Adversary No. 680–0015, apply with equal vigor here. As was noted in those cases, the new Bankruptcy Code, effective on October 1, 1979, which has posed a number of problems of interpretation is not the source of difficulty here, but indeed the Rules of Bankruptcy which have been in effect for a number of years, appear to be the source of confusion.

Rule 409(a) of the Rules of Bankruptcy Procedure applies in cases filed under the new Code and therein it is specifically provided that the court may fix a date, not less than thirty days nor more than ninety days after the first date set for the first meeting of creditors for the filing of complaints to determine dischargeability. The court elected to give the full ninety day period in this case and others filed in the first few months after the effective date of the new Code. (The veritable flood of bankruptcy filings has since required the court to reduce that period to the minimum of thirty days in order to keep its docket reasonably current.) Counsel for the movants here attended the initial meeting of creditors held pursuant to 11 U.S.C. § 341 and was thus either aware, or certainly could have learned, of the last date for filing complaints to determine dischargeability. Instead, such date came and went, the dischargeability hearing under 11 U.S.C. § 524 was convened, all of the formalities observed, a discharge was granted and notice thereof was sent and the court is now requested to reverse that process, at least so far as the obligation allegedly due these movants is concerned.

Movants cite Bankruptcy Rule 906(b)(2) which provides, of course, that the court may enlarge the time within which an act is required or allowed to be done "where the failure to act was the result of excusable neglect * * *." The court is not convinced that a misunderstanding by counsel of the requirements of the Bankruptcy Rules is such "excusable neglect" as is contemplated by Rule 906(b)(2). Turning to 13 *Collier on Bankruptcy,* 14th Ed. Para. 906.-04[2], we read:

> The party requesting the extension has the burden of showing a reasonable basis for the failure to comply within the time originally specified.

> Excusable neglect is not defined in the rule and at least one court has taken the restrictive view that ordinary negligence, however understandable and excusable in another setting, does not amount to excusable neglect under the instant rule. The more liberal view has allowed extension where, based on a reasonable misunderstanding between the client and its attorneys, or where a reasonable misunderstanding of dates in a notice is coupled with an attorney's absence during the period when the original time allowed was elapsing. The courts have been more generous in granting extensions of time where there is no prejudice or surprise to the bankrupt. * * * <u>The time for filing a creditor's complaint to determine dischargeability will not, however, be extended where the only reason for not filing earlier was a failure to discover the law relating to the filing of such petitions until after the time therefor had expired</u>. (emphasis added) (citations omitted)

It would seem that the underscored portion of the *Collier* quote would appear with equal vigor to the situation where the only reason for not filing earlier was the failure to discover the time by which such filing should be made, particularly where that time was already at the outer limits of the court's discretionary power to fix such time.

For the reasons above set forth, the court is of the opinion that the motion must be, and the same hereby is, DENIED.