In the Matter of William D. ANDERSON, aka William Duane Anderson, dba W. D. Anderson Construction Co., dba The Wiland Co., Debtor.

Nick GUISTINO and Rosemary Guistino, Plaintiffs,

v.

William D. ANDERSON, aka William Duane Anderson, dba W. D. Anderson Construction Co., dba The Wiland Co., Defendant.

Bankruptcy No. 679–01245.
Adv. No. 680–0004.

United States Bankruptcy Court, N. D. Ohio.

May 9, 1980.

See also, Bkrtcy., 5 B.R. 47 and Bkrtcy., 5 B.R. 51.

David M. Hunter of Brouse & McDowell, Akron, Ohio, for debtor.

Thomas A. Ciccolini, Akron, Ohio, for plaintiff.

FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW

JAMES H. WILLIAMS, Bankruptcy Judge.

The debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United

States Code on October 2, 1979. Plaintiffs were listed on Schedule A–3, "Creditors Having Unsecured Claims Without Priority," annexed to debtor's petition. The clerk of this court, on October 10, 1979, notified all creditors and other parties in interest that October 30, 1979 was established as the date for the meeting of creditors to be held pursuant to 11 U.S.C. § 341 and further, that January 28, 1980 was the last date for filing objections to discharge and for filing complaints to determine dischargeability. Also on October 10, 1979, the clerk served notice on all creditors and other parties in interest that a discharge hearing, pursuant to 11 U.S.C. § 524(d), would be held on January 31, 1980.

The discharge hearing was duly convened on January 31, 1980, a discharge was entered and all parties in interest, as required under the Bankruptcy Code and Rules of Bankruptcy Procedure, were notified of such entry. The court is now presented with a "Motion to Reconsider Discharge" filed by the plaintiffs and has received the parties' briefs in support of and in opposition thereto.

### FINDINGS OF FACT

1. The plaintiffs filed their "Petition to Determine Dischargeability of Debtor" with this court on January 10, 1980, well in advance of the last date for the filing of dischargeability actions, noted above as being January 28, 1980. The clerk of this court pointed out several deficiencies in the petition and, on January 14, 1980, an amended petition, with a proper adversary caption, together with the requisite filing fee and other documents required for the commencement of an adversary proceeding, was filed.

2. The clerk, on January 18, 1980, issued a summons and notice of trial or pre-trial conference.

3. The court received on January 31, 1980, a motion of the debtor to dismiss plaintiffs' petition for, among other reasons, insufficiency of service of process and insufficiency of process. Said motion was accompanied by a brief in support thereof

and affidavits of debtor and his attorney denying receipt of summons and notice of trial or pre-trial conference.

4. Plaintiffs' counsel made return of service on February 1, 1980 and certified thereon that on *January 31, 1980*, he had served defendant by certified mail service "through his counsel." Plaintiffs also filed on February 1, 1980 an amended petition setting forth an additional claim against defendant.

5. Debtor's motion and brief in support thereof was, according to the certificate of counsel for the debtor, mailed to plaintiffs' counsel on January 30, 1980. The court waited until February 12, 1980 at which time, in the absence of any response from the plaintiffs to the motion to dismiss, an order was entered dismissing plaintiffs' petition to determine dischargeability with prejudice.

6. The subject motion to reconsider discharge was filed on February 26, 1980 with a request that it be joined with a memorandum in support thereof earlier filed on February 22, 1980.

### OPINION

This court, as all Bankruptcy Courts, has recently been confronted with a variety of problems created by the first major revision in the bankruptcy laws of the United States in over forty years, the so-called Bankruptcy Reform Act of 1978 (commonly referred to as the Code) which became effective on October 1, 1979. Indeed, the subject case was filed the very next day, on October 2, 1979. Much remains to be done to clarify procedural problems and, in many cases, clear and definitive answers will have to await the promulgation of new rules to be followed by the court and practitioners before it.

However, the new Bankruptcy Code itself does not appear to be the source of confusion which led to the problem which we must now attempt to unravel. Rather, the difficulty here seems to be in interpreting and applying the Rules of Bankruptcy Procedure which have been in existence since 1973!

The Congress, in enacting the Bankruptcy Code, chose not to draft rules but instead this task is left to an Advisory Committee which has, thus far, put forth only Interim Bankruptcy Rules. These Interim Bankruptcy Rules have been adopted for use in the Northern District of Ohio and accordingly, this court is bound thereby. Additionally, the court is bound to follow presently existing Rules of Bankruptcy Procedure, pursuant to § 405(d) as contained in Title IV of the Bankruptcy Reform Act of 1978, Pub.L. 95–598:

> (d) The rules prescribed under section 2075 of title 28 of the United States Code and in effect on September 30, 1979, shall apply to cases under title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded by rules prescribed and effective under such section, as amended by section 248 of this Act.

Following these guidelines, we find, from Interim Rule 4003 that Rule 409(a) of the Rules of Bankruptcy Procedure applies in cases filed under the new Code. Rule 409(a) provides, among other things, that a determination of dischargeability is to be obtained by the filing of a complaint and that the court may fix, as the time for filing such a complaint, a date not less than thirty days nor more than ninety days after the first date set for the first meeting of creditors. Since the initial meeting in this case was on October 30, 1979, the court's fixing of January 28, 1980 as the last date for filing objections to discharge and for filing complaints to determine dischargeability granted anyone disposed to file such a complaint the maximum period within which to act. Indeed, plaintiffs made an effort, though abortive, by filing their petition on January 10, 1980. This pleading was wholly defective and the clerk correctly demanded its amendment which was filed, albeit still incorrectly denominated as a "petition," on January 14, 1980. The court, on January 18, 1980, issued, pursuant to Bankruptcy Rule 704(a) a summons and notice of trial or pre-trial conference. Bankruptcy Rule 704(e) provides that "If service is made under subdivision (c), (the method chosen by plaintiffs here) the summons, complaint, and notice of trial or pre-trial conference shall be deposited in the mail within ten days after the *issuance* of the summons." (emphasis added)

Plaintiffs did not mail the summons and notice of trial or pre-trial conference until January 31, 1980, some thirteen days after its issuance and on the very date, fixed by the court almost four months earlier, as the date on which the discharge hearing would be held.

Defendant's motion to dismiss the complaint for want of proper service, accompanied by a brief and affidavits by both defendant and his counsel that no service of process has been perfected upon either of them, want unanswered for more than ten days, contrary to Local Civil Rule 3(a)3 of the Rules of the United States District Court, applicable in bankruptcy cases in this District. (see L.Civ.R. 1(a)) The court therefore had no choice but to grant the motion to dismiss and did so by order entered February 12, 1980.

Now the court is requested to reconsider the discharge because, say plaintiffs, the order of discharge incorrectly states that no complaint objecting to discharge was filed within the time fixed by the court. None was; plaintiffs' "petition" clearly seeks the determination of non-dischargeability of a debt. The discharge order granted the debtor does provide that he is released from all dischargeable debts "(b) unless *heretofore determined by order of this court* to be non-dischargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a) * * *." (emphasis added)

The issue, narrowly stated, then, is whether this court has any basis for unwinding the discharge proceedings herein, at least to the extent of affording plaintiffs a hearing on their complaint. To answer affirmatively, it seems, the court must find that finality of action in this area is to be sacrificed if it be demonstrated that counsel's unfamiliarity with practice and proce-

dure before the Bankruptcy Court is the root of the problem. The court is of the opinion that its order of dismissal was not only proper, but required. Plaintiffs had in excess of ninety days within which to commence their action. Having done so, they had ten days from the court's issuance of the summons and notice of trial or pre-trial conference to serve the defendant therewith, but instead the defendant and other creditors came to the discharge hearing without having been legally notified of the action pending against him. The discharge hearing went forward, the formalities thereof were observed and an order of discharge was prepared and entered. Plaintiffs had one further opportunity—they could have responded, indeed were required by the Rules under which this court operates to have responded, to defendant's motion to dismiss their action. Instead, that was ignored and the order of dismissal was entered.

The Bankruptcy Court, as a court of equity, is required to act with fairness not only to creditors but to debtors as well. The comments of one court are appropriate:

> Thus, while considerable latitude for finding the propriety of filing challenges to discharges is vested in the Bankruptcy Court, such actions must be undertaken in compliance with the provisions of the Bankruptcy Act and Rules, *which are designed to protect the interests of both the bankrupt and his creditors*. The balance between the entitlement of the bankrupt to his discharge and the interest of creditors in avoiding such a discharge when possible fraud or other grounds exist changes as the proceedings in bankruptcy moves through its various stages. The pre-requisites for asserting a challenge to the bankrupt's discharge change accordingly and must be complied with. *In re Capshaw*, 423 F.Supp. 1388, 1390–91 (D.C. 1977). (emphasis added)

The court can hardly be faulted for expecting compliance with the clear language of Bankruptcy Rule 704(e), nor can it be blamed for granting a motion to which there is no response as mandated by the local rules which it is required to follow.

Plaintiffs rely upon *In re Canifax*, 2 Bankr.Ct.Dec. 225 (1976) and *In re Pineford Development Co.*, 1 Bankr.Ct.Dec. 152 (1974) in support of their argument that they should be allowed an extension of time within which to file their complaint. The *Canifax* case is not analogous to this situation for the reason that the court in *Canifax* entered a discharge prior to the expiration of the time set for filing objections or complaints. It appears from *Canifax* that once a discharge is entered, the court loses jurisdiction and thus cannot grant an extension of time to file an objection or complaint. The court said at p. 226:

> Where a *discharge has not been granted* and the bankrupt is not prejudiced, extensions will be allowed even though the time for filing objections has elapsed.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> The crucial difference between *Weidemeyer* and this case is that *here the Bankruptcy Judge had granted the discharge.*
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> It may be that the discharge is not valid. If that is so, then the Bankruptcy Judge retained jurisdiction until a proper discharge was granted and the extension of time was within his power. (emphasis added)

Here, the discharge is valid. Therefore, under the *Canifax* reasoning the court does not have jurisdiction to grant the extension sought by plaintiffs.

■ Assuming, arguendo, that either the court's belief that the discharge was validly entered is incorrect or that the *Canifax* reasoning is faulty, upon what basis may the court consider the motion to extend time to plaintiffs to file a complaint? *In re Capshaw*, 423 F.Supp. 1388 (1977) held, at p. 1390, that "Following the expiration of the period originally established under Rule 404(a), enlargement of time is governed by Rule 906(b)(2)." Applying that reasoning here, and eliminating the reference to Rule 404, dealing as it does only with objections to discharge, which is not the relief sought

by plaintiffs here, we find that the court may enlarge time "where the failure to act was the result of excusable neglect * * ". The court is not convinced that a misunderstanding by counsel of the requirements of the Bankruptcy Rules is such "excusable neglect" as is contemplated by Rule 906(b)(2). Turning to 13 *Collier on Bankruptcy*, 14th Ed., Para. 906.04[2], we read:

The party requesting the extension has the burden of showing a reasonable basis for the failure to comply within the time originally specified.

Excusable neglect is not defined in the rule and at least one court has taken the restrictive view that ordinary negligence, however understandable and excusable in another setting, does not amount to excusable neglect under the instant rule. The more liberal view has allowed extension where, based on a reasonable misunderstanding between the client and its attorneys, or where a reasonable misunderstanding of dates in a notice is coupled with an attorney's absence during the period when the original time allowed was elapsing. The courts have been more generous in granting extensions of time where there is no prejudice or surprise to the bankrupt. * * * *The time for filing a creditor's complaint to determine dischargeability will not, however, be extended where the only reason for not filing earlier was a failure to discover the law relating to the filing of such petitions until after the time therefor had expired.* (emphasis added) (citations omitted)

## CONCLUSIONS OF LAW

1. A proceeding to determine the dischargeability of a debt is an adversary proceeding pursuant to Bankruptcy Rule 701 and is instituted by the filing of a complaint, according to Bankruptcy Rule 703. Service by mail is effective if, and only if, the summons, complaint and notice of trial or pre-trial conference is deposited in the mail within ten days after issuance by the court. Failure of the proper service of process is grounds for dismissal of the complaint.

2. A request for extension of time is governed by Rule 906(b)(2). The moving party must demonstrate excusable neglect for failure to act within the allotted time and this must consist of more than the mere misunderstanding of counsel of the plain language of the Rules of Bankruptcy Procedure.