In re Edmond L. VADNAIS, Debtor.

K. Gordon DALE and John J. Murray, Plaintiffs,

v.

Edmond L. VADNAIS, Defendant.

Bankruptcy No. 8000926.

Adv. Nos. 810064, 810063.

United States Bankruptcy Court, D. Rhode Island.

Nov. 27, 1981.

George Prescott, Oster, Groff & Prescott, Lincoln, R. I., for debtor.

John Quattrocchi, III, Smithfield, R. I., for plaintiffs.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR IMPROPER SERVICE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Defendant's motion to dismiss the Plaintiffs' complaints to determine the dischargeability of debts owed to them by Edmond Vadnais. The basis for Defendant's motion is the fact that service was not accomplished pursuant to Rule 704 of the Rules of Bankruptcy Procedure, and the issue is whether the Plaintiff's failure to complete service within the time allowed by Bankruptcy Rule 704(e) is a fatal defect requiring dismissal of the action. The outcome of the motion to dismiss is important in this case because the time for filing complaints under Bankruptcy Rule 409(a)(2) has lapsed.

On February 25, 1981, Plaintiffs, John J. Murray and K. Gordon Dale filed complaints pursuant to § 523 of the Bankruptcy Code. On the same day, the Clerk of the Bankruptcy Court issued summonses and gave them to Plaintiff's counsel, who re- ·quested that George Prescott, Esq., attorney for Vadnais, accept service, but Prescott refused to do so. Plaintiff's counsel then proceeded to have the summonses and complaints served personally on the Defendant, and mailed copies to Prescott. Service was eventually completed on March 10, 1981, five days after the time allowed under Bankruptcy Rule 704(e).

The Plaintiffs could have accomplished service either by personally serving the Defendant, or by mailing the complaints and summonses to him and his attorney. Bankruptcy Rule 704(b) and (c).[1] The mode of service used by the Plaintiffs in the instant case, however, appears to be a composite of both methods, neither of which satisfy the requirements of the rule. Citing Bankruptcy Rule 704(e), which requires service within 10 days, the Defendant argues that the failure to complete service within the 10-day period is a fatal defect requiring dismissal of this action. The Defendant has neither demonstrated that the defect is fatal, nor has he shown any requirement that the Plaintiffs' actions must be dismissed. In fact, the Defendant's argument runs squarely into conflict with the Rules of

---

1. 704(b) *Personal Service.* Service of the summons, complaint, and notice of trial or pre-trial conference may be made as provided in Rule 4(d) of the Federal Rules of Civil Procedure for the service of process. Personal service may be made by any person not less than 18 years of age who is not a party.
. . . .
(c) *Service by Mail.*
. . . .

(9) Upon the bankrupt, after a petition has been filed by him or served upon him and until the case is dismissed or closed, by mailing copies of the summons, complaint, and notice to the bankrupt at the address shown in the petition or statement of affairs filed by him or to such other address as he may designate in a writing filed with the court *and,* if he is represented by an attorney, to the attorney at his post-office address. (emphasis added).

Bankruptcy Procedure on this point. Bankruptcy Rule 704(e) clearly states that when a summons is not timely served, "another shall be issued and served..."[2] In the case of *Couch v. Kanfer (In re Kanfer),* 1 B.R. 91 (Bkrtcy. N.D. Georgia 1979), the plaintiff filed a complaint to determine dischargeability of a debt on June 15, 1979. A summons was issued on June 20, 1979 but improperly served on June 21, 1979. The bankruptcy court issued a new summons on July 19, 1979, after the last day to file dischargeability complaints. In denying a motion to dismiss (which was based on the ground that reissuance of the summons on the original complaint would be improper), the court held that its action was in compliance with Rule 704(e).

> Said Rule [704e] requires that service be made within ten (10) days after the issuance of the Summons. However, the Rule goes on to state that 'if a summons is not timely served in accordance with the foregoing provisions, another summons shall be issued and served and a new date set for trial.' Therefore, this Court finds nothing improper regarding the reissuance of the original Summons...

1 B.R. at 92. *See also, Empire Gas Company v. Stewart-Brown (In re Stewart-Brown),* 8 B.R. 593 (Bkrtcy N.D. Georgia 1981).

Accordingly, the Defendant's motion to dismiss is denied. The Clerk of the Bankruptcy Court shall issue a new summons to be served with the original complaints in accordance with Bankruptcy Rule 704(e).

**2.** 704(e). Time of Service. Service under subdivision (b) [personal service] shall be made within ten days after the issuance of the summons. If service is made under subdivision (c), [mailed service] the summons, complaint, and notice of trial or pre-trial conference shall be deposited in the mail within ten days after issuance of the summons. If a summons is not timely served in accordance with the foregoing provisions, another summons shall be issued and served, and a new date set for trial.