**In re Charles & Dorothy LOWTHER, Debtors.**

**Lawrence HOLTGRIEVE, Plaintiff,**

v.

**Charles William LOWTHER, et al., Defendants.**

Bankruptcy No. 83–0674.
Related Case: 83–00558.

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 23, 1983.

J. Jeffrey Lowenstein, Toledo, Ohio, for plaintiff.

John L. Jacobson, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion to Dismiss filed by the Defendant. The Plaintiff's Complaint seeks a determination as to the dischargeability of a debt owed by the Debtor. However, the Defendant's Motion contends that the Complaint was not timely served and should be dismissed. For the reasons set forth below the Motion to dismiss is GRANTED and the Complaint is DISMISSED.

### FACTS

On March 28, 1983, the Debtor filed his voluntary Chapter 7 bankruptcy petition in which he listed the Plaintiff as a potential creditor. The Order issued on April 12, 1983, setting forth the date for the first meeting of creditors, also established the last date for the filing of complaints to determine dischargeability as of August 2, 1983. The present Complaint was filed on July 20, 1983, and summons was issued on July 28, 1983. No return of service appears within the record. The Debtor was discharged on August 8, 1983. On August 11, 1983, the Defendant-Debtor filed this Motion to Dismiss along with the Affidavits of both himself and his counsel. These statements indicate that as of the date of the filing of the Motion neither the Debtor nor his counsel had received a copy of the Summons or the Complaint. The Plaintiff responded to the Motion and on August 31, 1983, filed a Motion to extend the time in which to perfect service. A Pre-Trial was held on September 1, 1983, at which counsel for the Defendant stated that he had still not received a Summons and that the only means by which he learned that a Complaint had been filed was from the Order establishing the Pre-Trial.

### LAW

Service of an adversary complaint is addressed in Bankruptcy Rule 704(e) which states in pertinent part:

"Service ... shall be made within 10 days after the issuance of summons. If service is made [by first class mail] the summons, complaint, and notice of trial or pre-trial conference shall be deposited in the mail within 10 days after the issuance of summons ... If summons is not timely served in accordance with the foregoing provisions, another summons shall be issued and served and a new date set for trial."

Bankruptcy Rule 704(h) states that:

"Service of process under this rule shall be effective notwithstanding an error in the papers served or the manner or proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom the process issued."

Bankruptcy Rule 906(b) provides that:

"When by these rules or by a notice given thereunder or by order of the Court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion ... (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excuseable neglect ..."

In *Matter of Anderson*, 5 B.R. 43 (Bkrtcy. N.D.Ohio 1980), the Court indicated that service of a complaint by mail is effective if, and only if, the summons, complaint, and notice of trial or pre-trial is deposited in the mail within ten (10) days after issuance by the Court. In that case the motion to dis-

miss was filed only three (3) days after the expiration of the time in which service was required. In *In re Vadnais,* 15 B.R. 575 (Bkrtcy.R.I.1981), the Court held that the failure to utilize a method of service prescribed by the rules, which resulted in a failure of timely service was not fatal to the action. The plaintiff in that case completed service five (5) days subsequent to the deadline. In *Matter of Kanfer,* 1 B.R. 91 (Bkrtcy.N.D.Ga.1979), the Court allowed a second summons to issue nineteen (19) days after the first had expired. However, in that case the plaintiff had made a number of attempts to serve the defendants with the first summons.

In the present case the Plaintiff had three (3) months in which to file his Complaint, and there is nothing to indicate that he did not have sufficient knowledge at the time the Bankruptcy Petition was filed from which to establish his claim. Had the Complaint been filed earlier there would have been sufficient time in which to correct any problems with service. By filing so close to the deadline the Plaintiff assumed the risk of any service discrepancies.

In each of the cases cited above the plaintiffs made an effort and were able to complete service within a short period of time after the time had elapsed. A review of the record reflects that service is still incomplete as of the date of this order. It was only after the Defendant had moved for dismissal that the Plaintiff sought to rectify the omission. This failure to pursue service in a timely manner has not been sufficiently explained so as to constitute excuseable neglect within the meaning of Bankruptcy Rule 906(b).

Although the lapse of three days does not, in and of itself, comprise sufficient cause for dismissing the Plaintiff's claim, the provisions of Bankruptcy Rule 704(h) must also be applied. Rules 704(e) and 906(b) each allow a period of grace to a plaintiff who has encountered a service problem. However, Rule 704(h) provides that an error in service will be forgiven only if it will not infringe upon the substantial rights of the would-be defendant. If the error in service presented by this case were to be pardoned the Debtor would be required to face an Eighty Thousand and no/100 Dollars ($80,000.00) liability claim from which he was supposed to have been discharged and which is otherwise foreclosed by the expiration of time in which to file such complaints.

Therefore, it must be concluded that the grace contemplated by Bankruptcy Rules 704(e) and 906(b) cannot mitigate against the Plaintiff's inaction as well as the Debtor's right to a certain determination as to which debts will and will not be discharged. It must also be concluded that even if such grace were to be allowed, there has been no showing of conduct which can be considered excuseable neglect as required by Rule 906(b). Without such a showing this Court cannot properly extend the time for service, especially in light of the fact that the Defendant has moved for dismissal. In reaching these conclusions this Court has considered all the arguments of counsel, whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Complaint in this case be, and it is hereby, DISMISSED.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record in the above adversary proceeding.