**In re Charles William LOWTHER, et al., Debtors.**

**Lawrence HOLTGRIEVE, Plaintiff-Appellant,**

v.

**Charles William LOWTHER, et al., Defendants-Appellees.**

**Bankruptcy No. C 83–961.**

United States District Court, N.D. Ohio, W.D.

Jan. 5, 1984.

## OPINION AND ORDER

POTTER, District Judge:

This matter is before the Court on plaintiff-appellant's brief and defendants-appellees' response thereto. Plaintiff-appellant is appealing from an opinion and order of Judge Richard Speer, Bankruptcy Judge, which dismissed plaintiff's complaint.

The debtors in this action filed their voluntary Chapter 7 bankruptcy petition listing plaintiff-appellant as a creditor on March 28, 1983. On April 12, 1983, the Bankruptcy Court issued an order setting August 2, 1983 as the last date for filing of complaints to determine dischargeability. Plaintiff-appellant filed his complaint on July 20, 1983 and the summons was issued on July 28, 1983. There is no return of service in the record.

The debtors received their discharge on August 2, 1983. On August 11, 1983 defendants-appellees filed a motion to dismiss plaintiff's complaint, along with affidavits which indicated that as of the date of the filing of the motion neither the debtors nor their attorney had received a copy of the summons or the complaint.

The Bankruptcy Court granted defendants' motion to dismiss finding that plaintiff failed to establish that his failure to obtain service of process constituted excusable neglect within the meaning of Bankruptcy Rule 906(b). The Bankruptcy Court further found that under the provisions of Bankruptcy Rule 704(h) an error of service may only be forgiven if it does not infringe upon the substantial rights of the would-be defendant. The court found that the defendants-appellees' substantial rights would be affected because defendants-appellees could be subjected to an $80,000 liability claim from which defendants-appellees had been discharged.

Plaintiff-appellant has raised three arguments on appeal. These arguments are as follows:

1. Whether plaintiff should have been allowed to perfect service on defendants;

2. Whether the granting of the motion to dismiss filed by defendants was proper;

3. Whether the court properly denied plaintiff's motion for extension of time to perfect service.

In regard to plaintiff-appellant's first argument, Bankruptcy Rule 9006(b)(1) (formerly 906) permits the Bankruptcy Court at its discretion to grant an extension of time to complete an act where the failure to act constitutes excusable neglect.

Plaintiff-appellant indicates in his brief that plaintiff's counsel was out of

town from July 17, 1983 through July 26, 1983. Plaintiff's counsel was again out of town on August 9, 1983 through August 17, 1983. The first time plaintiff's counsel became aware that there was a failure of service was when he examined his mail after he returned on August 17, 1983 and found that defendants-appellees had filed a motion to dismiss.

In the case of *In re Manning*, 4 Bank.Ct. Dec. 304 (Bankr.D.Conn.1978), the court set forth the following definition of excusable neglect:

> The words, "excusable neglect", are words of art, and are subject to the interpretation of the trier. This court has interpreted "excusable neglect" as meaning the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.

The Court finds that plaintiff's counsel's failure to perfect service did not occur because of circumstances which were beyond the reasonable control of plaintiff's counsel, whose duty it was to perfect service. The Bankruptcy Court properly found that plaintiff's failure to pursue service in a timely manner was not sufficiently explained as to constitute excusable neglect within the meaning of Bankruptcy Rule 706(b) (now 7006(b)) and properly denied plaintiff-appellant's request for an extension of time to perfect service.

The Court also finds no error in the Bankruptcy Court's granting defendants-appellees' motion to dismiss. Plaintiff-appellant had ten days to perfect service on defendants-appellees. Plaintiff-appellant failed to do so within this time period. The discharge hearing was held and defendants-appellees received their discharge without defendants being served. The Bankruptcy Court properly found that excusable neglect did not exist in the case sub judice, and the Court could not properly extend time for service because defendants had filed their motion to dismiss.

Finally, this Court rejects plaintiff's argument that if error was made it was harmless error. The Bankruptcy Court balanced the equities in the case sub judice and ruled against plaintiff. This Court refuses to disturb this finding of the Bankruptcy Court.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the judgment of the Bankruptcy Court be, and hereby is, AFFIRMED.