**In re Michael T. DAHOWSKI, Debtor.**

**The CLIENT'S SECURITY FUND OF the STATE OF NEW YORK, Plaintiff,**

**v.**

**Michael T. DAHOWSKI, Defendant.**

**Bankruptcy No. 83–30437. Adv. No. 84–7062.**

United States Bankruptcy Court, S.D. New York.

Feb. 15, 1985.

Robert Abrams, Atty. Gen. of the State of New York, Albany, N.Y., by Stephan A. Boiko, Asst. Atty. Gen., for the Clients' Security Fund of the State of New York/plaintiff.

Lawrence M. Klein, Cornwall-on-Hudson, N.Y., for debtor/defendant.

JEREMIAH E. BERK, Bankruptcy Judge.

MICHAEL T. DAHOWSKI ("debtor" or "defendant") moves herein pursuant to Fed.R.Bankr.P. ("FRBP") 7012(a) and (b), Fed.R.Civ.P. ("FRCP") 12(b)(4), FRBP 7041 and FRCP 41(b) to dismiss the complaint of THE CLIENTS' SECURITY FUND OF

THE STATE OF NEW YORK ("CSF" or "plaintiff") on the grounds that CSF failed to comply with FRBP 7004(f) regarding timely service of a summons and complaint and failed to prosecute its action. Respondent CSF denies movant's assertions and argues that its actions were both timely and consistent with the applicable rules.

## FINDINGS OF FACT

1. The debtor, an attorney at law, filed a voluntary Chapter 11 bankruptcy petition on October 14, 1983 and on March 13, 1984 the case was converted to one under Chapter 7.

2. The debtor listed CSF on Schedule A-3, filed December 1, 1983, as an unsecured creditor with a "subordination claim" in an unstated amount.

3. Pursuant to an Order of this Court the last day for the filing of complaints objecting to the dischargeability of debts was fixed as June 15, 1984.

4. On June 15, 1984, CSF timely filed a complaint under Bankruptcy Code § 523(a)(4) to declare certain debts nondischargeable.

5. Upon the filing of plaintiff's complaint, the Clerk of this Court issued a summons pursuant to FRBP 7004(a) and FRCP 4(a) dated June 15, 1984 setting a pre-trial conference for August 16, 1984 at 10:00 A.M.

6. Plaintiff never served the summons issued on June 15, 1984, and did not serve the complaint (and reissued summons) until August 21, 1984.

7. Plaintiff did not appear at the scheduled pre-trial conference on August 16, 1984. Since the summons and complaint had not yet been served, plaintiff requested that another pre-trial conference be scheduled.

8. Upon plaintiff's request, on August 16, 1984 the Clerk issued to plaintiff a second summons setting a pre-trial conference for September 20, 1984 at 10:00 A.M.

9. On August 21, 1984 plaintiff served by mail the complaint that was filed on June 15, 1984, and the reissued summons, upon the debtor and the debtor's attorney. The delay in service was not intentional or the result of improper motive or bad faith.

10. In lieu of filing an answer to the complaint, the debtor filed the instant motion pursuant to FRBP 7012(a) and (b), FRCP 12(b)(4), FRBP 7041 and FRCP 41(b) on September 4, 1984, with an amendment thereto on September 19, 1984. Plaintiff filed a reply affidavit on September 20, 1984 to the debtor's motion. Oral argument on the motion to dismiss was heard. Subsequently, plaintiff and defendant filed memoranda of law on the issues raised by the motion.

## ARGUMENTS OF COUNSEL

Defendant has moved for dismissal of plaintiff's complaint alleging the following grounds:

I. Plaintiff's failure to serve the summons issued June 15, 1984 and complaint violates FRBP 7004(f) which states that the summons and complaint "shall" be delivered or mailed within ten days following issuance of the summons. Only where a summons issued by a Bankruptcy Court *cannot* be served within ten days from issuance should a summons be reissued. Plaintiff could have timely served the first summons issued, but inexcusably neglected to do so. Therefore, plaintiff was not entitled to receive a second summons and the filing of the complaint should be deemed untimely. FRBP 7004(f); Advisory Committee Note to former FRBP 704(e); *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) (purpose of bankruptcy laws is to secure prompt administration of estate within limited period); *In re Lowther*, 33 B.R. 586 (Bankr.N.D.Ohio 1983), *aff'd*, 38 B.R. 332 (N.D.Ohio W.D.1984) (plaintiff who filed complaint under § 523(c) shortly before last day to file complaints assumed risk of service discrepancies); *Matter of Anderson*, 5 B.R. 43 (Bankr.N.D.Ohio 1980) (plaintiff shall serve summons within ten days following issuance); *Matter of Kanfer*, 1 B.R. 91 (Bankr.N.D.Ga.1979) (where delay in ser-

vice and reissuance of summons were result of excusable neglect, complaint would not be dismissed); and 13 *Collier on Bankruptcy* ¶ 704.08, at 7–97, 98 (14th ed. 1967).

II. Plaintiff's failure to appear at the pre-trial conference duly scheduled and noticed in plaintiff's first summons for August 16, 1984, constitutes a failure to prosecute and as such is sufficient reason to dismiss plaintiff's complaint. (*Matter of Davis*, 36 B.R. 88 (Bankr.E.D.Ark.1984) (plaintiff's unexcused non-appearance at "hearing" set by summons was reason to dismiss complaint for failure to prosecute)).

Plaintiff argues in response that:

I. Unsuccessfully attempting to effect service of a summons is not a precondition to reissuance of another summons since FRBP 7004(f) merely states that, "... if a summons is not timely delivered or mailed another summons shall be issued and served." (*In re Vadnais*, 15 B.R. 575 (Bankr.D.R.I.1981); *In re Stewart-Brown*, 8 B.R. 593 (Bankr.N.D.Ga.1981); *In re Kanfer*, 1 B.R. 91 (Bankr.N.D.Ga.1979)).

II. Failure to complete service within ten days following issuance of the summons is not a fatal defect requiring dismissal of the action. (*In re Vadnais, supra*).

III. The date on which the complaint is filed is the controlling date to determine the timeliness of the complaint rather than the date the summons was reissued. (FRBP 4007(c); *In re Stewart-Brown, supra; In re Brown*, 7 B.R. 486 (Bankr.N.D. Ga.1980); and *In re Vadnais, supra*).

IV. Plaintiff properly served the timely filed complaint and reissued summons unlike the situation in *In re Lowther, supra*, cited by defendant, where the summons and complaint had yet to be served when the motion to dismiss the complaint was heard.

V. Plaintiff is not arguing excusable neglect as to the failure to serve the first summons and is not seeking to extend the time to file or serve its complaint, thus making *Matter of Anderson*, 5 B.R. 43 (Bankr.N.D.Ohio 1980) and *In re Breining*,

6 B.R. 837 (Bankr.S.D.N.Y.1980) inapplicable.

VI. Plaintiff did not appear at the pre-trial conference scheduled August 16, 1984 because it had requested that it be rescheduled. The failure to serve the summons and complaint left the Court without personal jurisdiction over the defendant and thus made a pre-trial conference pointless at that time.

### DISCUSSION

As defendant correctly states, the purpose of the bankruptcy laws is to secure the prompt administration of a debtor's estate within a limited period of time. To that end, FRBP 4007(c) provides that a complaint under Code § 523(c) "shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Further, under FRBP 4007(c), the time for filing such a complaint can be extended only for cause on a motion made before the time has expired.

FRBP 7004(f) would appear to advance the purpose of expediting the administration of debtors' estates by limiting the time for service of the summons and complaint. The rule states as follows:

(f) SUMMONS: TIME LIMIT FOR SERVICE. If service is made pursuant to Rule 4(d)(1)–(7) it shall be made by delivery of the summons and complaint *within 10 days following issuance of the summons.* If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail *within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.* (emphasis added)

FRBP 7004(f), however, contains a troubling inherent ambiguity. Although the rule requires that service be made within 10 days after issuance of the summons, it also appears to allow for the issuance of infinitely many summonses given a continuing failure by the plaintiff to effect timely service. The rule provides no guid-

ance on the issues of (1) how many summonses a plaintiff is entitled to receive, and (2) the time by which service must be perfected before the underlying complaint may be dismissed.

The issuance of the summons is an administrative act performed by the Clerk of the Court. Since the Clerk cannot determine from FRBP 7004(f) how many times a summons may be reissued on a single complaint, and since the defendant presumably has no knowledge of the action because the papers have not been served, the process of summons issuance and reissuance can continue indefinitely without the matter being brought before the Court. In view of the strict time limit set out in FRBP 4007(c) for the filing of complaints objecting to the dischargeability of debts in bankruptcy, it would be abusive for the reissuance of summonses to be allowed to continue indefinitely under FRBP 7004(f).

Since FRBP 7004(f) itself is unclear on these issues, it is useful to compare this rule with its predecessor, former FRBP 704(e) as well as to the current FRCP 4(j), which state as follows: *FRBP 704(e)*

Time of Service. Service under subdivision (b) shall be made *within 10 days after the issuance of the summons.* If service is made under subdivision (c), the summons, complaint, and notice of trial or pre-trial conference shall be deposited in the mail *within 10 days after the issuance of the summons.* Service under subdivision (d) or (i) shall be made within the time fixed by the court. *If a summons is not timely served in accordance with the foregoing provisions, another summons shall be issued and served and a new date set for trial.* (emphasis added)

*FRCP 4(j)*

Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant *within 120 days after the filing of the complaint* and the party on whose behalf such service was required cannot show *good cause* why such service was not made within that period, the action *shall be*

*dismissed* as to that defendant without prejudice *upon the court's own initiative* with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule. (emphasis added)

As can be seen, former FRBP 704(e) and FRBP 7004(f) are virtually identical except that FRBP 704(e) provided for the setting of a new date for trial. However, the focus of former FRBP 704(e) and current FRBP 7004(f) is quite different from that of FRCP 4(j). The time by which service must be made in the District Courts under FRCP (4)(j) is "within 120 days after the *filing of the complaint,*" while the time for service in the Bankruptcy Courts under FRBP 7004(f) is "within 10 days following *issuance of the summons*" (emphasis added). Accordingly, the time to serve an answer under FRCP 12(a) is "20 days after the *service of the summons and complaint,*" while the time to answer under FRBP 7012(a) is "within 30 days after the *issuance of the summons*" (emphasis added). The FRCP count time from both the *filing* of the complaint and from the *service* of the summons and complaint, while the FRBP count time only from the *issuance* of the summons. The FRCP contemplate ideally that both the complaint and answer will have been served within 140 days of the filing of the complaint, while the FRBP contemplate the service of both complaint and answer ideally within 30 days of the filing of the complaint, given that the Clerk of the Court issues the summons on the same day the complaint is filed.

On the distinction between FRCP 4(j) and FRBP 7004(f), the "Editors' Comment" to 6 *Norton Bankr.L. & Prac., Rule 7004(f)*, at page 354 (1984) states:

The Federal Rule provides for dismissal if service is not effected within 120 days after the filing of the complaint. The Bankruptcy Rule, on the other hand, is concerned with the time within which the person served must act. The time periods run from the issuance of the sum-

mons under Rule 7012. This accounts for the provision that if service is not effectuated within 10 days, either by delivery or mailing, a new summons must be issued and served.

Because the summons fixes a trial or pre-trial conference date in advance, it is necessary that service be made as early as possible. The Advisory Committee Note to former FRBP 704(e) indicates the reason as follows:

"Since the date for trial is set under subdivision (a) before the issuance of the summons and the time allowed for filing responsive pleadings under Rule 712 starts to run with the issuance of the summons, it is imperative that service under the rule be made with dispatch ..."

In 1976, former FRBP 704(e) was amended to extend the time for service from 3 days to 10 days. *See* 13 *Collier on Bankruptcy* ¶ 704.08 at page 7–97 (14th ed. 1977). The Advisory Committee Note to the 1976 Amendment explains the reason for the extension.

The time allowed for service of a summons is increased from 3 days to 10 days. It is frequently necessary for the summons to be sent by mail from the office of the bankruptcy judge who issues it to the office of the attorney for the plaintiff who serves it or arranges for it to be served. The shortness of the period allowed for service *has resulted in the reissuance of an inordinate number of summonses with new dates of trial.* As a result of the change of the period from 3 to 10 days, intermediate Saturdays, Sundays, and legal holidays are counted in the computation. Rule 6(a) of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by Rule 906(a), excludes such intermediate days from the computation of all periods of time of less than 7 days. (emphasis added)

The cases cited by defendant are not instructive on the issue of how to reconcile the conflicting provisions within FRBP 7004(f) or its predecessor FRBP 704(e). In-

deed, no cases have been cited that apply FRBP 7004(f). In considering former FRBP 704(e), some courts have relied on the "excusable neglect" standard of former FRBP 906(b)(2) to determine whether the time to file complaints objecting to discharge or dischargeability, fixed by former FRBP 404(a) and 409(a)(2), should be retroactively enlarged where service of the summons and complaint had not been accomplished by the complaint filing deadline. *See Matter of Kanfer,* 1 B.R. 91 (Bankr.N. D.Ga.1979) (summons reissued and filing of complaint held timely on showing of excusable neglect); *Matter of Anderson,* 5 B.R. 47 (Bankr.N.D.Ohio 1980) (complaint dismissed); and *In re Lowther,* 33 B.R. 586 (Bankr.N.D.Ohio W.D.1983) *aff'd,* 38 B.R. 332 (N.D.Ohio W.D.1984) (complaint dismissed), all cited by defendant herein. Of these cases, only *Lowther* and *Kanfer* are of some value since in *Anderson* the complaint was never properly filed.

In *Lowther,* plaintiff had failed to serve the summons by the time defendant moved to dismiss, which was after the time to file complaints objecting to dischargeability had expired. The Bankruptcy Court could not find excusable neglect under former FRBP 906(b)(2) for the delay in service and consequently dismissed the complaint stating that "[b]y filing so close to the deadline the Plaintiff assumed the risk of any service discrepancies." *Id.,* 33 B.R. at 588. Although the Bankruptcy Court in *Lowther* mentions former FRBP 704(e), it does not discuss the provision of that rule which requires that "[i]f a summons is not timely served in accordance with the foregoing provisions, another summons shall be issued and served and a new date set for trial," and for this reason the case is not helpful herein. The District Court affirmed the decision of the Bankruptcy Court without further analysis.

The court in *Kanfer* approached the matter differently. That court found that (1) plaintiff's failure timely to serve the first summons was sufficient reason under FRBP 704(e) for the clerk to reissue a summons since that rule requires that "an-

other summons shall be issued" where the previous summons was not timely served; and (2) since plaintiff's failure to serve the first summons was due to "excusable neglect" under FRBP 906(b)(2), the timeliness of the filing of the complaint was not invalidated by service of the reissued summons after the last day for filing complaints. The *Kanfer* court at page 92 formulated the issue as follows:

> Thus having found that the Summons and Complaint in question were timely served under Rule 704(e), the only question still pending before the Court is whether or not the completion of that act, having taken place subsequent to June 15 (the final date set for filing complaints concerning dischargeability of debts), invalidated the timeliness of the filing of plaintiff's Complaint on June 15, 1979.

However, in applying the "excusable neglect" standard of former FRBP 906(b)(2) to determine whether the delay in service invalidated the timeliness of the complaint filing, *Kanfer* did not address the impact of former FRBP 409(a)(2) which fixed the deadline for filing complaints. The date on which the complaint is filed should be the controlling factor in determining the timeliness of a complaint, not the date on which the summons and complaint are served. *In re Stewart-Brown*, 8 B.R. 593 (Bankr.N.D.Ga.1981). The neglect of the plaintiff, excusable or not, is simply irrelevant on this issue.

Plaintiff develops its position from another line of cases interpreting former FRBP 704(e). The essence of plaintiff's argument is that the actual filing date controls the timeliness of the complaint without regard to when service is perfected so long as the summons and complaint are served within ten days of the issuance or reissuance of the summons.

In *Stewart-Brown, supra,* plaintiff properly served a reissued summons (under former FRBP 704(e)) and complaint on both defendant and defendant's counsel. The court quashed plaintiff's first attempt at service, since the papers were served on the defendant's attorney only, but allowed service of the reissued summons and complaint to stand. The complaint had been filed on the last day for filing complaints fixed by former FRBP 409(a)(2) as June 23, 1980. The first summons having been served improperly, plaintiff received a second summons on July 29, 1980 which he properly served within ten days thereafter. Defendant's argument that the date of the reissued summons is the controlling date for determining the timeliness of the complaint was not accepted by the court.

The Court cannot agree with Defendant's argument. Rule 409(a)(2) refers to a deadline for the filing of a complaint not for the issuance of a summons or the attainment of proper service. Therefore the filing date is the controlling factor in determining the timeliness of a complaint to determine dischargeability or to object to the discharge of a debtor. Plaintiff's complaint was filed within the time period set by the Court for the filing of such complaints and is therefore timely. *Stewart-Brown, supra,* at 595.

The *Stewart-Brown* court did not apply the "excusable neglect" standard found in former FRBP 906(b)(2). Rather, it focused on former FRBP 409(a)(2) which fixed the complaint filing bar date without regard to the attainment of proper service.

Plaintiff also relies on *In re Vadnais*, 15 B.R. 575 (Bankr.D.R.I.1981). Plaintiff in *Vadnais* had accomplished service of the summons and complaint five days after the ten-day period allowed under former FRBP 704(e) had expired. Rather than dismiss the complaint, the court focused on that part of former FRBP 704(e) which provides for the automatic reissuance of a summons when the previous summons is not timely served. The court held that plaintiff's failure to complete service within the time allowed by former FRBP 704(e) was not a fatal defect requiring dismissal.

In *Kanfer, Stewart-Brown* and *Vadnais* no showing of excusable neglect was required as a precondition to reissuance of a summons. In *Kanfer,* however, excusable neglect had to be shown to establish the timeliness of the complaint where service

was not perfected until after the last day for filing dischargeability complaints had passed. *Stewart-Brown* simply relies on the strict language of former FRBP 409(a)(2), the predecessor to FRBP 4007(c), to determine timeliness. *Vadnais* cites to both *Kanfer* and *Stewart-Brown,* and, in not requiring a showing of excusable neglect, the *Vadnais* analysis generally follows that of *Stewart-Brown.*

■ The approach set out in *Stewart-Brown* seems correct and most closely adheres to the express language of the Bankruptcy Rules. Accordingly, this Court finds as follows: (1) FRBP 4007(c) clearly fixes the time by which a complaint under Code § 523(c) must be filed (it "shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)"); (2) FRBP 7004(f) does not fix a time after which no further summons shall be reissued; and (3) the standard of "excusable neglect" found in FRBP 9006(b)(2) has no bearing on the timeliness of the complaint since that deadline is fixed by FRBP 4007(c).

The *Stewart-Brown* court did not suggest a method by which to resolve the issue of how many summonses a plaintiff is entitled to receive or how to fix the outside time by which the plaintiff absolutely must have served the summons and complaint. This Court is concerned that FRBP 7004(f) allows for a potentially infinite period for service and thus invites abuse. A plaintiff could receive reissued summonses and fail to serve each *ad infinitum.* Such potentially endless delay would obviously be abusive to the debtor as well as to the bankruptcy process.

■ A possible solution to the problem of fixing an outside date by which service must have been completed and no further summonses shall issue is suggested by the "Editors' Comment" to 6 *Norton Bankr.L. & Prac., Rule 7004(f),* at page 354 (1984):

> Where there has been substantial delay in the service of the summons and complaint, the appropriate procedure under the Bankruptcy Rules is to file a motion to dismiss under Federal Rule of Civil Procedure 41(b). Thus, if the plaintiff delayed more than 120 days, even though the Bankruptcy Rules do not pick up Federal Rule 4(j) which mandates a dismissal, the court has discretion to do so under Rule 41(b).

This suggestion in the *Norton* treatise seems logical under the circumstances. Where the Bankruptcy Rules insufficiently outline procedures to be followed, it is appropriate to look to the Federal Rules of Civil Procedure to fill the void. This Court will, therefore, use FRCP 4(j) as a guide to establish the outside date for service as 120 days after the filing of the complaint. Although 120 days appears to be a long time in view of the relatively brief period allowed for filing complaints under Code §§ 523(c) and 727(c), as fixed by FRBP 4007(c) and 4004(a), this Court sees no alternative except to create new procedural law *ex nihilo.* It should be noted, however, that any substantial delay in service will be examined in light of the motive and the good or bad faith of the plaintiff. Obviously an intentional delay in service of the summons and complaint should not be condoned and, if established, will support a motion to dismiss within the 120-day period.

As to defendant's argument that plaintiff failed to prosecute his action by not appearing at the first scheduled pre-trial conference, the Court cannot agree. Plaintiff did not simply fail to appear at the pre-trial conference, he notified the Court prior thereto, requested another summons and asked that a new conference be scheduled. These actions cannot be considered a failure to prosecute.

## CONCLUSION

■ 1. Plaintiff's complaint was timely filed under FRBP 4007(c). *In re Stewart-Brown,* 8 B.R. 593 (Bankr.N.D.Ga.1980); *In re Vadnais,* 15 B.R. 575 (Bankr.D.R.I. 1981).

■ 2. Plaintiff's service by mail of the reissued summons and the complaint was proper and, although accomplished after the time to file complaints under Code § 523(c) had expired, did not affect the timeliness of the complaint. *In re Stewart-Brown, supra; In re Vadnais, supra.*

3. Plaintiff has not failed to prosecute his action. Plaintiff's delay in service did not violate FRBP 7004(f) because although the rule requires that a summons be served ten days from issuance, the rule also states that if a summons is not timely served another shall be issued and served. Plaintiff's first summons was not timely served; thus, another was issued and that summons was properly served within 120 days after the filing of the complaint. FRBP 7004(f); FRCP 4(j); "Editors' Comment" to 6 *Norton Bankr.L. & Prac., Rule 7004(f)* at page 354 (1984).

4. Plaintiff did not simply fail to appear at the first scheduled pre-trial conference. He notified the Court of the circumstances and requested a new summons and new pre-trial conference date. Defendant has failed to demonstrate any harm due to plaintiff's request that a new pre-trial conference be scheduled.

5. The motion to dismiss is denied. The proceeding will be set down for trial. Defendant shall serve and file his answer to the complaint within ten (10) days from entry thereof.

SO ORDERED.