Elizabeth Golembiewski GILLESPIE, Plaintiff,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF The UNITED STATES, Defendant.

C. A. No. 12480.

United States District Court
W. D. Pennsylvania.

June 4, 1957.

Kunkle & Trescher, Greensburg, Pa., for plaintiff.

Thomas Lewis Jones, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

The above-entitled cause came on regularly for trial and the Court having duly considered the evidence and being fully advised in the premises now finds the following:

### Findings of Fact

1. Elizabeth Golembiewski Gillespie, the plaintiff, is a resident of the City of Arnold, Westmoreland County, Pennsylvania.

2. The defendant, The Equitable Life Assurance Society of the United States, is a corporation having its principal office in the City of New York, State of New York.

3. On March 1, 1949, the defendant, for the consideration therein set forth, issued its written contract of Insurance Group Policy No. 9550, Certificate No. 26E–738 for $3,000 to Waclaw Golembiewski, therein named as the insured and agreed to pay the sum of $3,000 in the event the insured died of natural causes and the sum of $3,000 in the event the insured died of an accidental death, to the plaintiff after receipt of proofs of death of the insured.

4. On or about March 1, 1953, the Equitable Life Assurance Society of the United States changed the amount of the insurance under Certificate No. 26E–738 issued to W. Golembiewski as of March 1, 1953, to $4,000 subject to the terms and conditions of the Group Insurance Policy mentioned in the individual certificate.

5. The premium stated in the policy was paid to the defendant.

6. The said policy of insurance was in full force and effect on April 15, 1953.

7. Waclaw Golembiewski died on April 15, 1953.

8. Waclaw Golembiewski had been in good health prior to his death on April 15, 1953.

9. Waclaw Golembiewski fell down the stairs leading to a second floor apartment at 1717 Fifth Avenue, Arnold, Westmoreland County, Pennsylvania on April 15, 1953.

10. In the fall down the stairs, Waclaw Golembiewski sustained a fractured skull.

11. Waclaw Golembiewski died as a result of a fractured skull sustained in the said fall.

12. Written notice of the fatal accident to Waclaw Golembiewski was given to the defendant at New York in accordance with the terms of the policy.

### Discussion

In the cold light of the findings of fact and conclusions of law, this might appear to be a close case, perhaps even to the extent of needing the coroner's report. Able counsel for the defendant by his argument and brief has highlighted this problem of the "cause" of death. In actuality, however, at the trial little or no consideration of this report was needed to arrive at the same verdict. From the testimony offered by the plaintiff which included the hearing of noises like an object falling down stairs at about the time in question, coupled with the bruises and other evidence given by the mortician as to the condition of the body immediately after it was found at the foot of the stairs, coupled with the testimony of this man's good health are sufficient in the opinion of this Court to indicate that he accidentally fell down the stairs. The defendant offered no evidence that there was any internal disorder suffered by the deceased. It is only reasonable to assume that the death resulted from accidental means in falling down the stairs.

The plaintiff's witnesses were credible. The death of a rugged man in good health seemed to this Court to have been an accidental death within the meaning of the policy. No question of a non-suit entered this Court's mind. And the only defense witness, the doctor, was of no help. His testimony at the trial benefited the plaintiff. In the light of his previous statement to the defendant, the only comfort that the defendant could gain from the doctor's testimony would be that the finder of fact would disregard

his testimony completely. If this were done, it would leave the defense a nullity. The plaintiff, therefore, has met her burden of proof by the fair preponderance of the evidence, and would be entitled to a verdict even in the absence of the coroner's report.

### Conclusions of Law

1. The parties and the amount in controversy are within the jurisdiction of this Court.

2. The death of Waclaw Golembiewski on April 15, 1953, was caused directly and exclusively by external, violent and purely accidental means within the terms and provisions of the policy of insurance issued by the defendant, The Equitable Life Assurance Society of the United States and designated as Insurance Group Policy No. 9550, Certificate No. 26E–738 in which Waclaw Golembiewski was the named insured.

3. The coroner's report, plaintiff's exhibit No. 2, was properly admitted into evidence to show the fact that Waclaw Golembiewski had sustained a fractured skull and to show that the death of Waclaw Golembiewski was occasioned by accidental means. Thomas v. Conemaugh & Black Lick Railroad Company, 3 Cir., 234 F.2d 429.

4. While a coroner's report may not be admissible in evidence in a Pennsylvania court to show the cause of death, Heffron v. Prudential Insurance Co., 1939, 137 Pa.Super. 69, 75, 8 A.2d 491, nevertheless, the admissibility of evidence is a rule of procedure governed by Federal law and not a rule of practice to be governed by state law. Our Court of Appeals has recently ruled on this question and we will follow their decision when they held that "The certificate of the Coroner is required under Pennsylvania law and under Federal law is admissible into evidence." Thomas v. Conemaugh & Black Lick Railroad Company, supra, 234 F.2d at page 434. See also Pass v. Firestone Tire & Rubber Company, 5 Cir., 1957, 242 F.2d 914; Pogue v. Great Atlantic & Pacific Tea Company, 5 Cir., 1957, 242 F.2d 575.

5. The defendant, The Equitable Life Assurance Society of the United States, is obligated to pay the sum of $4,000 with interest thereon from April 15, 1953, to the plaintiff, Elizabeth Golembiewski Gillespie.