Virginia HAMBRICE, Appellant,

v.

F. W. WOOLWORTH COMPANY,
Appellee.

No. 18674.

United States Court of Appeals
Fifth Circuit.

May 9, 1961.

Tom Sneed, John J. Watts, Odessa, Tex., for appellant.

Wm. Monroe Kerr, William L. Kerr, Midland, Tex., Turpin, Kerr, Smith & Dyer, Midland, Tex., of counsel, for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment on a jury verdict for defendant in a suit for damages in a "slip and fall" case. No complaint is made of, and no error is assigned on, the charge which correctly charged the law as it has been established in cases of this kind.

In her appeal, the first error relied on by appellant is a claim that the court erred in permitting the defendant's employee, Raymond Everett, whose duty it was to sweep the floors, to testify, over plaintiff's objection, as to his habit in sweeping the floor every morning. These are the particular questions and answers:

"Q. Now, Raymond, while you sweep do you look where you are sweeping? A. Yes.

"Q. Do you ever leave anything on the floor when you sweep? A. No, sir, not that I can recall.

"Q. If there had been some candy on the floor when you swept on that occasion, would you have noticed it? A. Yes, sir."

to which plaintiff objected that this was speculation and conjecture as to what he would have done or what he habitually does, and that this statement of his habit or practice was a mere conclusion which invaded the province of the jury. In support of this objection, plaintiff cites and relies on Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931. Another claimed error is that the district judge erred in sustaining defendant's objection, that it was an inadmissible opinion, to plaintiff's statement as to the candy on which she claimed to have slipped, that it looked like it had been there at least two or three days. The court stating: "This would be an opinion. Just state what you saw, and the jury will draw its own conclusion on this rule."; the plaintiff was permitted to, and did, testify as to the appearance of the candy.

■ Of the first objection, it is sufficient to say that no case is cited to us, and we have found none, which would prevent the porter's testifying to his daily habit with respect to sweeping the floor. The McFerrin case was not a case *where a witness, in support of his testimony that he did or did not do something,* testified as to his regular habits in respect thereto. The testimony rejected there was the opinion testimony of the widow, that when she was with her husband in an automobile, he always obeyed the statute requiring him to stop before crossing tracks. As a great many text writers, among them Wigmore, point out, it is in accordance with common experience for a person, in support of his recollection as to whether he did or did not do a particular act, to draw on his habit or custom in respect to it, and that his testimony to such regular habit should be admissible.

Rule 3072, American Law Institute's Model Code of Evidence, which, though not adopted, has the force of first class legal opinion behind it, provides:

"Evidence of the habit of a person is admissible as tending to prove that his behavior on a specified occasion conformed to the habit."

Justice Calvert, who wrote the opinion in the McFerrin case, not only stated that the question was not a settled one but that he personally disagreed with the view of the majority that the habit evidence of the wife should have been excluded, and he supported his view with very strong reasons.

 Under these circumstances, it seems to us that, under Rule 43 Federal Rules of Civil Procedure, 28 U.S.C.A., which admonishes that the rule favoring admissibility should be adopted, we should follow the more liberal rule of the text writers and of the Institute's Code of Evidence, in holding true habit evidence admissible. While Rule 43 has been criticized as not entirely clear, it is settled that, in an action brought in the Federal District Court, in determining the admissibility of evidence, the court is not bound by a state court rule if that is less liberal than another rule which the court might be free to adopt. In determining admissibility of evidence where there is a conflict of state and federal rule, plaintiff is entitled under Rule 43 to the benefit of the more favorable rule. Roth v. Swanson, 8 Cir., 145 F.2d 262. In the federal court, the rule, whether federal or state, which favors reception of evidence governs. New York Life Ins. Co. v. Schlatter, 5 Cir., 203 F.2d 184. The admissibility of evidence in a federal court is a rule of procedure governed by federal law and not a rule of practice to be governed by state law. Gillespie v. Equitable Life, D.C., 152 F.Supp. 109. The Federal Rules of Civil Procedure indicate a general policy to disregard technicalities and form and to determine rights of litigants on the merits and to that end the rules are liberally construed. Fakouri v. Cadais, 5 Cir., 147 F.2d 667, at page 668. Cf. Monarch Ins. Co. of Ohio v. Spach, 5 Cir., 281 F.2d 401; Dallas County v. Commercial Union, 5 Cir., 286 F.2d 388; holding to the same effect. Certainly in the state of the authorities and under the evidence in this case, the ruling, admitting the porter's habit evidence, should not be regarded as reversible error.

 The second error relied on by appellant involves the action of the court in sustaining an objection to the testimony of the plaintiff that the candy appeared to have been on the floor for several days. We think the court's statement, that the witness could describe the candy and testify what she saw but that she could not give her opinion on how long the candy was on the floor, was a sound and correct ruling. The contrary would have permitted her to give an opinion which invades the province of the jury. The lady testified fully as to the appearance of the candy, and we think it clear that no reversible error was committed by the court in the colloquy between him and plaintiff's counsel.

In addition to these procedural points, appellant argues that the verdict of the jury was against the overwhelming preponderance of the evidence and that the court erred in permitting counsel to cross-examine appellant about her prior marriages when such information was not relevant to any issue in the case.

 As to the first of these, point four of appellant's brief, we think it quite clear that the case was a fact case particularly for the verdict of the jury and that that ground presents nothing for reversal. As to the second, point three of appellant's brief, that the court erred in permitting counsel to examine appellant about her prior marriages, the number of her children, etc., the record, with the court's ruling on the objection, shows that the evidence was not admitted for the purpose and could not have had the effect of creating prejudice, but that it was admitted by the court on the issue

of her health and general condition as bearing on the issue of her damages.

We think the case is without reversible error and that the judgment should be affirmed.

Affirmed.