**Joseph KRULIKOWSKY**

v.

**METROPOLITAN DISTRICT COUNCIL OF PHILADELPHIA & VICINITY**

and

**Local Union No. 8, United Brotherhood of Carpenters and Joiners of America.**

**Civ. A. No. 29974.**

United States District Court
E. D. Pennsylvania.

Feb. 28, 1962.

Lawrence Goldberg, Philadelphia, Pa., for plaintiff.

M. H. Goldstein, of Goldstein & Bark-an, Philadelphia, Pa., for defendants.

FREEDMAN, District Judge.

Defendants have filed a motion for a more definite statement under F.R.Civ. P. Rule 12(e) 28 U.S.C.A. and in the alternative for dismissal under Rule 12(b).

Local Union No. 8, one of the defendants, has also filed a separate motion for dismissal under Rule 12(b)(5) on the ground of insufficiency of service of process upon it. Plaintiff admits the insufficiency of service of process but treats it as a mere informality because he has no doubt that proper service can readily be made. This assumption appears to be undisputed. We shall therefore treat the motion under Rule 12 (b)(5) as one to quash or set aside the service of process rather than to dismiss the action. For the dismissal of the action would be too absolute a remedy if plaintiff is able to make proper service. Thompson v. Trent Maritime Co., 149 F.Supp. 468, 469 (E.D.Pa.1957); William I. Horlick Co. v. Bogue Electric Manufacturing Co., 140 F.Supp. 514, 515 (D.Mass.1956). Such a dismissal would be without prejudice and would result only in the institution of a new suit with consequent additional expense and delay in a decision on the merits of the controversy. In the present case especially, dismissal of the action as to Local Union No. 8 would be undesirable, for it might make impossible the adjudication of the action against the Council because of the absence of an indispensable party. Accordingly, the service of process on Local Union No. 8 will be set aside.

The suit poses a number of interesting questions relating to the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq. The defendants argue that their motion to dismiss under Rule 12(b) for lack of jurisdiction over the subject matter should be granted because the disciplinary proceedings against the plaintiff were begun prior to the effective date of the Act, even though the ultimate decision was taken after the Act became ef-

fective. They also urge that the joinder of the United Brotherhood of Carpenters and Joiners of America is essential because the Brotherhood is an indispensable party.

It is clear that we do not have before us all the facts which should be available before any decision is reached on the important legal questions involved. We have encountered assertions of fact in plaintiff's brief which appear nowhere else and which may significantly affect the conclusion. The complaint itself is utterly inadequate and gives no indication of the basis for the claim that plaintiff's rights were violated. Defendants' alternative motion for a more definite statement under Rule 12(e) is clearly well founded. We will therefore grant the motion for a more definite statement under Rule 12(e) and deny the motion for dismissal under Rule 12(b). Plaintiff will be required to set out in paragraph 15 of his complaint the details which are specified in defendants' motion. Further proceedings will, of course, be shaped by what is disclosed.

Accordingly we make the following

### ORDER

AND NOW, February 28, 1962:

1. The motion under Rule 12(b)(5) of Local Union No. 8, United Brotherhood of Carpenters and Joiners of America, to dismiss the complaint because of insufficiency of the service of process is granted to the limited extent only that the service of process is set aside.

2. Defendants' motion under Rule 12(b) to dismiss for lack of jurisdiction over the subject matter is denied, without prejudice to subsequent renewal.

3. Defendants' motion under Rule 12(e) for a more definite statement is granted and plaintiff shall file within twenty days a more definite statement of his complaint in the details set out in the motion.