**Barbara H. PETTIT, a minor, by her Guardian, Robert Pettit,**

v.

**CHICAGO AND NORTH WESTERN RAILWAY COMPANY.**

Civ. A. No. 35867.

United States District Court
E. D. Pennsylvania.

Jan. 6, 1965.

Milford J. Meyer and Norman H. Abrahamson, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Robert M. Landis, Richard G. Schneider, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant railroad operates trains and locomotives on tracks located generally north and west of Chicago. Minor plaintiff was injured in an accident in Chicago. Through her guardian she has

brought this diversity personal injury action against the railroad. Contending that the service on it was defective, defendant has filed a motion to quash the service on it and also to dismiss the action against it.

Rule 4(d) (3) of the Federal Rules of Civil Procedure provides that service on a corporation may be made " * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

Pennsylvania Rule of Civil Procedure 2180(a), 12 P.S.Appendix, which is applicable to this federal suit by the provisions of Fed.R.Civ.P. 4(d) (7), provides that personal service on a corporation may be made by delivering a copy of the process:

"(1) to an executive officer, partner or trustee of the corporation or similar entity; or

"(2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity; or

"(3) to an agent, authorized by appointment to receive service of process * * *."

The only facts in the case in reference to the service of the summons and complaint come from the marshal's return and an affidavit of one John C. White, an employee of defendant. The marshal's return states that service of the summons and complaint was made "by handing to and leaving a true and correct copy thereof with man in charge of office—refused to give name and refused to accept service". On the other hand, the clear implication of White's affidavit, which is uncontradicted by plaintiff, is that the attempted service by the marshal was not made upon the man in charge of the office, nor upon any other person with authority in fact or in law to receive service of process. Consequently, the facts in reference to service of process are unclear and also it is unclear as to whether any of the methods of service mentioned in Rule 4(d) (3) of the Federal Rules or Rule 2180(a) of the Pennsylvania Rules have been followed.

In view of this, the motion to quash the service will be granted. However, the motion to dismiss will be denied. See Thompson v. Trent Maritime Co., 149 F.Supp. 468 (E.D.Pa.1957); Krulikowsky v. Metropolitan Dist. Council, 30 F.R.D. 24 (E.D.Pa.1962).