In re Henry Lee STEWART–BROWN, Debtor.

EMPIRE GAS COMPANY, Plaintiff,

v.

Henry Lee STEWART–BROWN, Defendant.

Bankruptcy No. 80–01339A.
Adv. No. 80–0514A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Jan. 29, 1981.

Steven F. Dobson, Brown, Ray & Dobson, Chattanooga, Tenn., and Gerald H. White, Rosenbluth, Kahn & White, Atlanta, Ga., for Empire Gas Co.

Richard D. Ellenberg, Schultz, Ellenberg & Roberts, Atlanta, Ga., for Henry Lee Stewart-Brown.

HUGH ROBINSON, Bankruptcy Judge.

ORDER

The defendant's motions to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be

granted and motion for judgment on the pleadings bring the matters involved herein before the Court. After considering the motions, the briefs of the parties and the pleadings on file the Court makes the following decision.

## FINDINGS OF FACT

Plaintiff Empire Gas Company, ("Plaintiff"), commenced this adversary proceeding to determine the dischargeability of a debt on June 23, 1980. Service of process was made by the mailing of a copy of the complaint to the attorney for Henry Lee Stewart-Brown, ("Defendant"). Defendant responded to this complaint by filing a motion to dismiss for lack of personal jurisdiction and for failure to state a claim.

On July 29, 1980 the summons and notice of pre-trial conference and the complaint were reissued. Three certificates of service were filed by Plaintiff on August 7, 1980. One certificate states that Defendant was served a copy of the summons and the complaint by first class mail, postage pre-paid to Days Lodge, 2792 Shallowford Road, Suite 201, Atlanta, Georgia, 30341. This address appears on Defendant's bankruptcy petition as his personal address. The other two certificates state that the Defendant's attorney was served with a copy of the summons and the complaint by certified mail, return receipt requested and by first class mail, postage pre-paid. The address to which these copies were sent is that which appears on the Defendant's petition as the attorney's post office address.

On August 27, 1980 Defendant filed a second motion to dismiss for lack of personal jurisdiction and for failure to state a claim and a motion for judgment on the pleadings.

## APPLICABLE LAW

### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant contends that this Court does not have personal jurisdiction over Defendant for the reason that Defendant was not properly served.

In bankruptcy proceedings personal service of a complaint and summons and notice of pretrial conference may be made as provided by Rule 4(d) of the F.R.Civ.P. Rule 704(b) of the Bankruptcy Rules. Under paragraphs (1) and (7) of Rule 4 of the F.R.Civ.P., section (d), an individual other than an infant or incompetent person may be served by delivering a copy of the summons and complaint to the individual personally; by leaving such copies at the individual's house or usual place of abode with someone of suitable age and discretion residing therein; by delivering a copy of the papers to an authorized agent or by serving the summons and complaint in the manner "prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." 13 *Collier on Bankruptcy* (14th Edition) ¶ 704.05[2], pp. 7–84—7–85.

Under Rule 704 of the Bankruptcy Rules service may also be made by mailing copies of the summons and complaint to the debtor-defendant at the address shown on the bankruptcy petition or statement of affairs or at such address as may be designated in a writing filed with the court and to the debtor-defendant's attorney at his post office address. Rule 704(c)(9) of the Bankruptcy Rules.

The certificate of service filed on June 23, 1980 with the complaint shows on its face that service was improperly made for only Defendant's attorney was served. However, the complaint and summons were reissued and the certificates of service filed on August 7, 1980 indicate that service by mail was properly made on Defendant and Defendant's attorney in accordance with Bankruptcy Rule 704(c)(9).

A court has discretion to dismiss an action for insufficient service of process or to retain the case but quash the service that has been made on the defendant. Wright & Miller, *Federal Practice and Procedure*: Civil § 1354. Generally quashing of service is favored over dismissal where it appears that proper service may be made. *Buck v.*

*Union Trustees of the Plumbers and Pipefitters National Pension Fund of the Plumbers and Pipefitters International*, 70 F.R.D. 530 (E.D.Tenn.1976); *Krulikowsky v. Metropolitan District Council of Philadelphia & Vicinity*, 30 F.R.D. 24 (E.D.Pa.1962). Quashing is favored for the reason that it avoids the unnecessary expense and delay which would be caused by dismissal and the subsequent institution of a new suit.

In the instant case not only is proper service possible, it has in fact been achieved through the service of the reissued summons and complaint by the method provided for in Rule 704(c)(9) of the Bankruptcy Rules. Because of noncompliance with Rule 704, the Court determines that Plaintiff's first attempt at service shall be quashed. Plaintiff's service of the reissued summons and complaint will be allowed to stand.

## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant contends that he is entitled to judgment on the pleadings for the reason that Plaintiff's complaint was not timely filed.

In accordance with Rule 409(a)(2) of the Bankruptcy Rules this Court set June 23, 1980 as the deadline for filing complaints to determine the dischargeability of a debt or to object to the discharge of the debtor. Plaintiff's complaint was filed on June 23, 1980. It is Defendant's argument that the date of the reissued complaint, July 29, 1980, is the controlling date for determining the timeliness of Plaintiff's complaint.

The Court cannot agree with Defendant's argument. Rule 409(a)(2) refers to a deadline for the filing of a complaint, not for the issuance of a summons or the attainment of proper service. Therefore the filing date is the controlling factor in determining the timeliness of a complaint to determine dischargeability or to object to the discharge of a debtor. Plaintiff's complaint was filed within the time period set by the Court for the filing of such complaints and is therefore timely. Accordingly the Court concludes that Defendant is not entitled to judgment on the pleadings.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Because this Court has determined that Plaintiff properly served Defendant, Defendant's motion to dismiss for failure to state a claim upon which relief can be granted is ripe for consideration.

Defendant contends that the complaint filed by Plaintiff does not state a claim for the reason that all of the elements of 11 U.S.C. § 523(a)(2) have not been alleged. Specifically, Defendant argues that Paragraph 3 of the complaint which sets forth Plaintiff's first claim fails to allege that Defendant knew that his representations were false at the time they were made and fails to allege any specific damage from the representations. It is argued that Paragraph 4 of the complaint which sets forth Plaintiff's alternative claim fails to assert that the alleged false representations were made with the intention and purpose of deceiving the creditor, that the representations were reasonably relied upon, that the representations were the proximate cause of any loss and that Defendant gave Plaintiff a financial statement.

A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of the claim. *Cook & Nichol, Inc. v. The Plimsoll Club*, 451 F.2d 505 (5th Cir. 1971); *Des Isles v. Evans*, 200 F.2d 614 (5th Cir. 1952). In determining whether to grant the motion the court must view the allegations of the complaint in the light most favorable to the plaintiff, accepting as true all well pleaded facts. *Ward v. Hudnell*, 366 F.2d 247 (5th Cir. 1966).

In the complaint filed by Plaintiff it is contended that Defendant purchased liquid petroleum from Plaintiff. The sum of $37,848.59 is allegedly due and owing for these purchases. Plaintiff asserts that Defendant was operating through the trade name Welland Coal Corporation which was, in fact, a nonexistent corporation. Plaintiff contends that it extended credit to Defendant in

reasonable reliance on materially false written financial statements published by Defendant with intent to deceive Plaintiff.

In the alternative it is contended that Defendant represented himself to be an agent of Welland Coal Corporation. Plaintiff contends that this representation was false in that Defendant was not an agent of any such corporation. In October, 1977 Defendant allegedly executed a promissory note for $37,848.00 on behalf of Welland Coal Corporation. Plaintiff contends that this note was void for the reason that Plaintiff was not an agent of this corporation and for the reason that Welland's corporate charter had been revoked. The revocation of Welland's corporate charter allegedly was not disclosed to Plaintiff by Defendant. Plaintiff contends that the debt owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2).

█ If Plaintiff proves that Defendant obtained the liquid petroleum from Plaintiff by the use of materially false written financial statements published by Defendant with intent to deceive and on which Plaintiff reasonably relied, Plaintiff may be entitled to a judgment of nondischargeability under 11 U.S.C. § 523(a)(2)(B). Plaintiff may prove that Defendant obtained the liquid petroleum through false representations concerning his agency relationship with Welland Coal Corporation. If such facts are proved Plaintiff may be entitled to a judgment of nondischargeability under 11 U.S.C. § 523(a)(2)(A). From reviewing the complaint in the light most favorable to Plaintiff the Court cannot conclude that it appears to a certainty Plaintiff would not be entitled to recover under any set of facts which could be proved in support of the claim. Under these circumstances a motion to dismiss for failure to state a claim cannot be granted.

## CONCLUSIONS

1. Plaintiff's first service of process on Defendant was insufficient.

2. Plaintiff served the reissued summons and complaint in accordance with the requirements of Rule 704(c)(9) of the Bankruptcy Rules.

3. Plaintiff's complaint to determine the dischargeability of a debt was timely filed.

4. It does not appear to a certainty that Plaintiff would not be entitled to recover under any state of facts which could be proved in support of the claim set forth in Plaintiff's complaint. It is therefore

ORDERED that Plaintiff's original service of the summons and the complaint shall be and same is hereby quashed; and it is further

ORDERED that Plaintiff's service of the reissued summons and complaint shall be and same is hereby allowed to stand; and it is further

ORDERED that Defendant's motion to dismiss for lack of personal jurisdiction and for failure to state a claim filed on July 25, 1980 shall be and same is hereby denied; and it is further

ORDERED that Defendant's motion to dismiss for lack of personal jurisdiction and for failure to state a claim and motion for judgment on the pleadings filed on August 27, 1980 shall be and same are hereby denied.