**In re Donald A. JOHANNSEN, Debtor.**

**Alice G. FRYSLIE, Plaintiff,**

**v.**

**Donald A. JOHANNSEN, Defendant.**

**Bankruptcy No. 87–20349.**
**Adv. No. 87/0075.**

United States Bankruptcy Court,
D. Montana.

Feb. 11, 1988.

Tom K. Hopgood, Helena, Mont., for debtor.

James T. Harrison, Jr., Helena, Mont., for plaintiff.

Dunlap and Caughlan, Butte, Mont., Trustee.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding, Alice G. Fryslie, seeks the denial of a discharge to the Debtor, pursuant to 11 U.S.C. §§ 523(c) and 727. The Plaintiff, Alice G. Fryslie, asserts that the Debtor/Defendant should be denied a general discharge because he filed incomplete and inaccurate schedules and statement of affairs in his Chapter 7 bankruptcy. The Debtor/Defendant answers, by a Motion to Dismiss and for More Definite Statement, that he has cured the inaccuracies in his schedules and state-ment of affairs by amendments dated November 4, 1987, and January 29, 1988.

Counsel for the Debtor/Defendant has moved for dismissal of this adversary proceeding on the ground that the Summons and Complaint were served upon counsel, and not upon the Debtor/Defendant. The language of Bankruptcy Rule 7004(b)(9), as applicable to this case, requires service of the Summons and Complaint upon the Debtor and his attorney, rather than simply upon the attorney. Rule 7004(b)(9) in pertinent part, states:

"... service may be made within the United States by first class mail postage prepaid as follows:

(9) ... by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs ... and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address."

Under the facts of this case, Rule 7004(b)(9) applies and proper service must be made by serving the Debtor and the attorney, both, not just either one. Numerous courts have held that service upon only one party is fatal. *See, In re C.R. McKenzie,* 57 B.R. 42 (Bankr.S.C.1985) (Service upon the debtor's attorney, and not the debtor, is fatal); *In re Terzian,* 75 B.R. 923 (Bankr.S.D.N.Y.1987) (Service upon the debtor, and not the attorney, warrants dismissal of the Complaint); and *In re Dahowski,* 48 B.R. 877 (Bankr.S.D.N.Y.1985) (Failure to properly serve both the attorney and the debtor cannot be cured by a re-issuance of the Summons and Complaint). Rule 7004(a) states that Fed.R.Civ.P. 4(j) is incorporated into adversary proceedings. Rule 4(j), in pertinent part, states:

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint ... the action shall be dismissed ..."

In this case, the Complaint was filed on November 9, 1987. Only 96 days have elapsed since the filing. There has not been proper service, so the Defendant has no duty to respond or answer, the Com-

plaint pursuant to Bankruptcy Rule 7012 or Fed.R.Civ.P. 12(a). Thus, Plaintiff may effect proper service. Fed.R.Civ.P. 4(a) and Bankruptcy Rule 7004(a). This Court finds that the time elapsed since the filing of the Complaint has not been prejudicial to any party and, therefore, dismissal of the Complaint is not warranted.

The issuance of the summons is an administrative act to be performed by the Clerk of the Court. Fed.R.Civ.P. 4(a) states:

"(a) Summons Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint."

Although the Clerk of the Court is an integral part of an adversary action, the responsibility for proper service is on the Plaintiff. Fed.R.Civ.P. 4(a) and 4(b). In this case, the Summons and Complaint were not properly served upon the Defendant and his attorney.

IT IS ORDERED that counsel for the Plaintiff shall have ten (10) days to effect proper service of the Summons and Complaint, or the Complaint will be dismissed.