**In the Matter of Lewis W. BADE and Alvina R. Bade, Debtors.**

**SECURITY PACIFIC FINANCIAL CORPORATION, Plaintiff,**

v.

**Lewis W. BADE and Alvina R. Bade, Defendants.**

**Bankruptcy No. BK87–02397. Adv. No. A87–4008.**

United States Bankruptcy Court, D. Nebraska.

June 13, 1988.

## MEMORANDUM

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER comes before the Court on Defendant's Motion to Dismiss (Fil. # 3) in the adversary proceeding on the grounds that:

1. The complaint fails to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction because the complaint was filed late.

3. Defendants had not been served with the complaint. A status hearing was held at which it was determined that there was no dispute as to material facts. The matter was then taken under advisement and counsel have filed a stipulation of facts.

## FACTS

The parties stipulated to facts related to the timeliness of the complaint. The Court has taken judicial notice of the file on this case maintained by the Clerk of the Bankruptcy Court. Debtors filed a petition under Chapter 7 of the Bankruptcy Code on August 5, 1987. Creditor, Security Pacific tendered a written objection to discharge to the Clerk's Office on November 23, 1987, the last date on which such a filing could have been timely made, where it was stamped "received." The Clerk returned the pleading to Security Pacific because no filing fee was paid. The objection was not docketed until December 3, 1987, when the filing fee was paid. In its objection to discharge, Security Pacific did not specifically state the grounds for denying discharge. The objection simply recites that:

> Plaintiff has examined the findings made by the Debtors and the testimony of Debtors at the Section 341 hearing and is satisfied that probable grounds exist for the denial of discharge of Debtors [sic] obligation to Security Pacific pursuant to Section 523 of the Bankruptcy Code.

The plaintiff also alleged that the Debtors owed plaintiff $2,735.72 as of July 1, 1986. The summons and complaint were mailed to the attorney for the Debtors, but copies were not sent to the Debtors personally. Debtors replied with the Motion to Dismiss on January 11, 1988.

## DISCUSSION

The Court finds that the objection to discharge under Section 523 was timely filed. Under Bankruptcy Rule 4007(b), a complaint objecting to the dischargeability of a debt under any subsection other than Section 523(c) may be filed at any time. Under Rule 4007(c) objections under Section 523(c) must be filed within sixty (60) days of the first date set for the meeting of creditors. Although Security Pacific did not specify which subsection of Section 523 it relied upon, the complaint was filed on the 60th day, so that it complied with time limits for all subsections of Section 523. Payment of the filing fee is not jurisdictional; the critical date, is the date upon which the pleading was initially filed with the Court. *In re Boothe,* 84 B.R. 636 (Bkrtcy. D.Neb.1988); *In re Spearman,* 68 B.R. 25 (Bkrtcy.E.D.N.Y.1987); *In re Whitfield,* 41 B.R. 734 (Bkrtcy.W.D.Ark.1984). A civil action is commenced by filing the complaint. See Fed.R.Civ.P. 3 and Bankruptcy Rule 7003. The Debtors were not properly served with process under Rule 7004(b)(9), which requires that complaints be served upon *both* the Debtors and Debtors' attor-

ney. Accordingly, the Debtors are not properly before this Court for purposes of this adversary proceeding.

Pursuant to Fed.R.Civ.P. 4(j), which is applicable in adversary proceedings, if service of process is not made within 120 days after the filing of the complaint, the action shall be dismissed without prejudice unless good cause is shown.

A dismissal in this case would in fact be prejudicial since the time in which to file an action to establish the non-dischargeability of a debt has expired. Such prejudice would be contrary to the intended effect of Rule 4(j) and is not appropriate where service was in fact timely made on defendant's counsel. Accordingly, pursuant to Bankruptcy Rule 7004(f), the Clerk of the Court shall issue and plaintiff shall duly serve upon the defendant, an alias summons. See, *e.g.*, *In re Keller*, 56 B.R. 79 (Bkrtcy. N.D.Ohio 1985).

 Lastly, reading the complaint in light most favorable to the plaintiff, the Court finds that a claim for relief related to the indebtedness of the defendant to the plaintiff has been stated. However, the complaint is so vague that the defendant cannot be reasonably expected to frame a responsive pleading. The allegation that "probable grounds exist for the denial of discharge ... pursuant to Section 523...." is not sufficient to give defendants adequate notice of the nature of the claim. If Security Pacific is claiming a non-dischargeability of a debt allegedly procured by fraud, fraud must be pleaded with greater particularity. Fed.R.Civ.P. 9(b); Bankruptcy Rule 7009(b). *Matter of Schwartzman*, 63 B.R. 348 (Bkrtcy.S.D. Ohio 1986); *In re Kerr*, 58 B.R. 171 (Bkrtcy.E.D.Ark.1985). Also 2A *Moore's Federal Practice*, ¶ 9.03[1] (2nd Edition, Revised 1987).

Federal Rule of Civil Procedure 15(a) and Bankruptcy Rule 7015(a) require that leave to amend a complaint or response be freely given since controversies are better resolved through a decision on the merits rather than technicalities. One of the most frequent reasons for amending a pleading is to correct or amplify a previously alleged claim or defense. 3 *Moore's Federal Practice*, ¶ 15.08[2] & [3] (2nd Edition, Revised 1987); *Schwartzman* at 348. Plaintiff is given ten (10) days in which to amend and clarify its complaint to conform to Rules 7008 and 7009, if applicable, after which defendants will have ten (10) days to respond. Amendments to the complaint will not necessarily relate back to the date on which the complaint was filed. See Fed.R. Civ.P. 15(c).

IT IS ORDERED, that within twenty (20) days hereof,

1. Plaintiff shall perfect service of process upon defendant; and

2. Plaintiff shall file an amended complaint with the Clerk of the Court.