In re George M. COLE, Debtor.

Ronald D. PARSON, Plaintiff,

v.

George M. COLE, Defendant.

No. 291–20137.
Adv. No. 291–2020.

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

June 30, 1992.

Bonnie J. Schomp, Amarillo, Tex., and John Penn, Haynes and Boone, Fort Worth, Tex., for Parson.

Steven L. Hoard, Mullin, Hoard & Brown, Amarillo, Tex., for Cole.

## MEMORANDUM OF OPINION CONCERNING DISMISSAL

JOHN C. AKARD, Bankruptcy Judge.

On December 17, 1991, the court dismissed the captioned adversary proceeding in open court. The court signed an Order of Dismissal on December 18, 1991 which was entered on December 27, 1991. On December 18, 1991 Ronald D. Parson, the Plaintiff in that proceeding, filed a Motion to Withdraw the Announcement of Dismissal. The court held a hearing on the Motion on January 14, 1992. After reviewing the arguments of counsel and the briefs submitted by the parties, the court determines that it should withdraw its Order of Dismissal.

*Facts*

Dr. Cole filed for relief under Chapter 7 of the Bankruptcy Code on April 3, 1991. The last day for filing objections to the discharge or for filing objections to the dischargeability of a debt was August 5, 1991.

On August 5, 1991 Mr. Parson (Plaintiff) filed this adversary proceeding against George M. Cole, Linda M. Cole, Panhandle Contract Services, Inc., Family Orthopaedics, P.A., Cole Children's Trust, and Linco Financial Services, Inc. (Defendants).[1] The complaint asserted that an Oklahoma state court judgment against George M. Cole, D.O. (Debtor) should be excepted from the discharge in the Debtor's bankruptcy proceedings pursuant to § 523(a)(6) of the Bankruptcy Code.[2] The complaint alleged that the Debtor made fraudulent transfers to the other Defendants and it sought to set them aside. That complaint also sought denial of the Debtor's discharge under § 727, but it neither specified the subsection upon which it was based, nor did it allege any factual basis for denial of discharge.

On August 9, 1991 the Bankruptcy Clerk issued a Summons and Notice of Trial to the Plaintiff's attorney which established November 18, 1991 as the trial date. The Plaintiff's attorney is responsible for serving the Summons and Notice of Trial properly on all Defendants within ten days of its issuance. FED.R.CIV.P. 4(a); FED. R.BANKR.P. 7004(f).

Apparently the Plaintiff's attorney did not serve the original summons and requested that a new summons be issued because on September 5, 1991, the Clerk reissued the summons.[3] Filed certificates

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(I).

2. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

3. The plaintiff's attorney prepares sufficient copies of the summons to serve on the parties. The front side of the summons served does not reflect the name of the party. However, the certificate of service on the back of the summons gives the name and address of each party served.

of service show that the Plaintiff's attorney served the summons on the following parties by regular mail on September 12, 1991:

1. George M. Cole, c/o Steven L. Hoard, P.O. Box 31656, Amarillo, TX 79121;
2. Jim Clements, Interim Trustee, P.O. Box 50370, Amarillo, TX 79159;
3. Linda M. Cole, 3521 Sleepy Hollow Blvd., Amarillo, TX 79121;
4. Panhandle Contract Services, c/o Linda M. Cole, 2828 W. 27th Street, Amarillo, TX 79109;
5. Family Orthopaedics, P.A., c/o George M. Cole, 2828 W. 27th Street, Amarillo, TX 79109;
6. Linco Financial Services, c/o Linda M. Cole, 3521 Sleepy Hollow Blvd. Amarillo, TX 79121;
7. Cole Children's Trust, c/o George M. Cole, 3521 Sleepy Hollow Blvd., Amarillo, TX 79121.

Dr. Cole's attorney was concerned about the possibility of a default judgment being taken against the Debtor even though the Debtor stated that he was not served with a summons. In early October, 1991, Dr. Cole's attorney contacted the Plaintiff's attorney to ascertain if she had served the Debtor. At that time she stated that the Debtor had received proper notice of the proceeding, but acknowledged that no summons was sent to him individually. Based on this discussion, his attorney did not file an answer for the Debtor.

On October 4, 1991 Defendants Linda M. Cole, Panhandle Contract Services, Inc., Family Orthopaedics, P.A., Cole Children's Trust, and Linco Financial Services, Inc. filed a Motion to Dismiss, pointing out that the Trustee-in-Bankruptcy is the proper party to bring an action to set aside fraudulent conveyances. The Motion asked for dismissal of the Plaintiff's complaint as to all of the Movants. It further stated that the complaint "should remain pending as to defendant George M. Cole, the debtor herein, although he has not yet been properly served and therefore has not yet answered the complaint." The court held a hearing on the Motion on November 18, 1991 and granted the relief requested by the Mov-

ants. The court signed the Order dismissing the moving defendants on December 18, 1991 and it was entered on December 27, 1991.

At the time the original summons issued, the Plaintiff's attorney received a copy of the court's instruction sheet on adversary proceedings which includes information on the requirement that attorneys file a proposed Pretrial Order ten days in advance of trial. LOCAL RULE OF BANKRUPTCY PROCEDURE 7016 contains this requirement, which also refers attorneys to UNITED STATES DISTRICT COURT LOCAL RULE 7.1(a). The second summons set the trial for 10:00 a.m. December 17, 1991, in the bankruptcy courtroom in Amarillo, Texas.

When the court called the matter for trial at docket on December 17, 1991, neither the Plaintiff nor his attorney appeared. The Debtor's attorney appeared and announced to the court that his client had not been served. The court also observed that the Plaintiff had not furnished a proposed Pretrial Order. Therefore, the court dismissed the case for lack of prosecution and for failure to effectuate service.

On January 14, 1992 at the hearing on the Motion to Withdraw the Announcement of Dismissal, there was no evidence that the Debtor evaded service. There was no evidence proffered that the Plaintiff's attorney issued a summons to the Debtor individually. Plaintiff's attorney argues that the Debtor had actual knowledge of the proceeding and that service on him was adequate because of service on the Debtor's attorney and service made on the other entities in care of the Debtor.

Plaintiff's counsel stated that following the November 18 hearing, she understood the complaint would have to be amended to remove the fraudulent conveyance allegation. She anticipated amending the complaint and then serving the Debtor. She added that since the Order memorializing that hearing was not entered until late December, she overlooked the trial setting. She asserted that a large portion of her time in late November was taken up by a subpoena from a federal grand jury seeking files relating to her work for a former

savings and loan association client. She stated that the files filled two filing cabinets. Finally, she pointed out that the Plaintiff did nothing dilatory, nor did he interfere with the orderly processing of the case. Further, she cited to FED.R.CIV.P. 4(j) as requiring a hearing prior to dismissal of the proceeding for failure to serve the summons. The Debtor's attorney countered that hearing held on the Motion for Rehearing can constitute that hearing.

## RULES

This case involves application of FED. R.BANKR.P. 7004(b)(9) and FED.R.CIV.P. 4(j). The latter rule is made applicable to adversary proceedings in bankruptcy cases by FED.R.BANKR.P. 7004(a).

FED.R.BANKR.P. 7004(b)(9) reads as follows:

(b) **Service by First Class Mail.** In addition to the methods of service authorized by Rule 4(c)(2)(C)(i) and (d) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

. . . .

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

FED.R.BANKR.P. 7004(f) reads as follows:

(f) **Summons: Time Limit for Service.** If service is made pursuant to Rule 4(d)(1)–(6) F.R.Civ.P. it shall be made by delivery of the summons and complaint within 10 days following issuance of the summons. If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

FED.R.CIV.P. 4(j) reads in pertinent part:

(j) **Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

## DISCUSSION

The court notes that there are some cases in which everything that can possibly go wrong, does go wrong and, apparently, this was just such a case for Plaintiff's counsel.

### *Service on the Debtor's Attorney*

The facts show that Plaintiff's attorney did not serve the Defendant at all in this case; she only served the Defendant's attorney. FED.R.BANKR.P. 7004(b)(9) requires service of the complaint on the Debtor and his attorney, if he has an attorney. Service on the Debtor's attorney is insufficient to require the Debtor to answer and defend. *Fryslie v. Johannsen (In re Johannsen)*, 82 B.R. 547, 548 (Bankr.D.Mont. 1988).

### *Authority to Dismiss*

COLLIER ON BANKRUPTCY comments on FED.R.BANKR.P. 7004(f) as follows:

Rule 7004(f) specifies the time within which service must be made by focusing solely upon the date the summons is issued and allowing issuance of a new summons if the prior one is not timely served. However, since F.R.Civ.P. 4(j) limits the possible date of service to the 120 days that follow the filing of the complaint, it is no longer possible to refrain indefinitely from serving the complaint.

COLLIER ON BANKRUPTCY, ¶ 7004.08 (15th ed. 1992).

FED.R.CIV.P. 4(j), made applicable to the above referenced FED.R.BANKR.P. 7004(a) pursuant to the 1987 amendments to the Bankruptcy Rules, states that if the summons and complaint is not served within 120 days after the complaint is filed, and the party who should have served cannot show good cause why it was not made within that period, the court shall dismiss as to that defendant. However, the dismissal should be without prejudice and with notice to the party or upon motion. *Id.*

FED.R.CIV.P. 4(j) allows dismissal without prejudice on the court's own initiative, but it also requires notice to such party or a motion.

> It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure. While the authority is reiterated in some of the Federal Rules of Civil Procedure for particular situations, the power is one inherent in the courts "in the interest of the orderly administration of justice." It may be exercised *sua sponte* under proper circumstances. The exercise of the authority is discretionary, and is subject to review for abuse of discretion. Dismissal of an action with prejudice and entry of judgment by default are drastic remedies which should be used only in extreme situations, as the court has a wide range of lesser sanctions.

*Flaksa v. Little River Marine Constr. Co.,* 389 F.2d 885, 887–888 (5th Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968) (citation omitted).

### Good Cause As Defined By the Fifth Circuit

Since there is no dispute over whether or not service was effectuated, the issue remaining is whether the Plaintiff's attorney had good cause for not serving the Defendant within the prescribed period.

Because Rule 4(j) was added a relatively short time ago, "good cause" is not yet fully defined in this circuit. However, we have equated good cause with "excusable neglect," and noted that "inadvertence or mistake of counsel or ignorance of the rules usually does not suffice," and that "some showing of 'good faith ... and [a] reasonable basis for noncompliance within the time specified'" is necessary to show good cause. *McDonald v. United States,* 898 F.2d 466, 467–68 (5th Cir.1990) (citing *Winters v. Teledyne,* 776 F.2d 1304, 1306 (5th Cir.1985)) (quoting 4A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: 1165 (2d ed. 1987)); *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988).

The Fifth Circuit's approach to the Federal Rules is best exemplified by *Hambrice v. F.W. Woolworth Co.,* 290 F.2d 557 (5th Cir.1961). The court stated that "[t]he Federal Rules of Civil Procedure indicate a general policy to disregard technicalities and form and to determine rights of litigants on the merits and to that end the rules are liberally construed." *Id.* at 559 (citing *Fakouri v. Cadais,* 147 F.2d 667, 668 (5th Cir.), *cert. denied,* 326 U.S. 742, 66 S.Ct. 54, 90 L.Ed. 443 (1945)).

The Fifth Circuit, in *Rogers v. Kroger Co.,* 669 F.2d 317 (5th Cir.1982), articulated the kinds of conduct which would clearly call for a dismissal with prejudice. The court acknowledged that while a clear record of delay and futile lesser sanctions were the most common grounds for dismissal, other decisions "inquired into the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 320 (citations omitted).

In *Markwell v. County of Bexar,* 878 F.2d 899, 902 (5th Cir.1989), the Fifth Circuit held that in order to determine whether to dismiss a case for want of prosecution, the court should examine the record for aggravating factors *e.g.,* that the plaintiff personally contributed to the delay, that the defendant was prejudiced as a result of the delay, or that the delay was intentional on the plaintiff's part. None of

these aggravating factors are present in the instant case.

### Persuasive Authority in Determining Good Cause

In *Keller v. Keller (In re Keller)*, 56 B.R. 79 (Bankr.N.D.Ohio 1985) the court decided that attempted service on the debtor of a dischargeability complaint by a method which did not comply with the provisions of the bankruptcy rule did not warrant dismissal of the case. It appeared that the plaintiff attempted to correct the discrepancy immediately upon learning of it and that there was no material prejudice to the debtor. The court then found that the debtor was not properly before the court and directed the clerk to issue and the plaintiff to service the summons.

In *Davidson v. Bank of New England (In re Hollis & Co.)*, 86 B.R. 152 (Bankr. E.D.Ark.1988), the court considered the bank's motion to dismiss the trustee's complaint. The court cited various cases which hold that the plaintiff has the burden of establishing "good cause" for the delay in service. The court noted that one court found good cause existed where the plaintiff attempted service and "may have been justifiably confused" as to who had been served. *Id.* at 153. The judge excused the plaintiff's failure to serve within 120 days of filing and authorized a new summons. *Id.*

Although *Empire Gas Co. v. Stewart–Brown (In re Stewart–Brown)*, 8 B.R. 593 (Bankr.N.D.Ga.1981) was decided prior to the incorporation of FED.R.CIV.P. 4(j) by FED.R.BANKR.P. 7004(j), its reasoning is apropos of the instant case. The case stands for the proposition that the court has discretion to dismiss an action for insufficient service of process, or to retain the case but quash the service made on the defendant. Generally, quashing service is preferred over dismissal where it appears that proper service may be made. *Id.* at 594 (citations omitted).

In *Security Pacific Financial Corp. v. Bade (In re Bade)*, 87 B.R. 78 (Bankr. D.Neb.1988), the court did not dismiss the adversary proceeding even though the debtors were not served timely with a copy of the summons and complaint. Citing FED.R.CIV.P. 4(j), applicable to adversary proceedings, it stated that where service of process is not made within 120 days after the filing of the complaint, the action should be dismissed without prejudice unless there is a showing of good cause. *Id.* at 80.

However, the court decided that in *Bade* a dismissal would in fact be prejudicial since the time in which to file an action to establish the non-dischargeability of a debt had expired. Thus, the court stated, "[s]uch prejudice would be contrary to the intended effect of Rule 4(j) and is not appropriate where service was in fact timely made on defendant's counsel." *Id.* The court then ordered service of summons on the defendant. The facts in the instant case are the same as those in *Bade*.

This court does not think that the Federal Rules were intended to preclude a plaintiff from his cause of action where that plaintiff is completely unaware that any procedural problem exists. Indeed, the statutory enabling act itself supports that policy. 28 U.S.C. § 2072 is the enabling act under which the Supreme Court of the United States promulgates rules of civil procedure to be used in the federal court system. Section 2072 states, in pertinent part: "Such rules shall not abridge, enlarge or modify any substantive right...." *Id.*

■ In this case, the court entered a dismissal without prior notice to the Plaintiff that it would consider dismissal at docket call. The case had been pending approximately four months. The Plaintiff had nothing to do with the delay in the trial of this proceeding. Good cause for dismissal was not shown under the liberal definition thus far defined by the Fifth Circuit, nor under the definition of other federal circuits. Although his counsel was certainly remiss, her conduct was not so egregious as to require a dismissal. In this instance a dismissal without prejudice, in effect constitutes dismissal *with* prejudice since the time for filing complaints object-

ing to the discharge or to the dischargeability of a debt has passed.

This court did not impose less severe sanctions before entering its dismissal order. In fact, the court did not consider the assessment of a fine, costs or damages against Mr. Parson or his counsel nor did it give Plaintiff any explicit warning in order to safeguard its right to control its docket.

There was no evidence of Mr. Parson's culpability, prejudice to the Debtor or intentional conduct by Mr. Parson or his counsel which could be considered aggravating factors in considering dismissal. *Id.* at 322. Requiring the Debtor to defend the action does not result in prejudice.

For all of the reasons given above, the court finds that it should withdraw its order dismissing the adversary proceeding determine what lesser sanctions should be imposed, and order that the Plaintiff serve a new summons and an appropriately amended complaint on the Debtor.

ORDER ACCORDINGLY.[4]

---

**4.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052. This Memorandum will be published.